PLASTER, Appellant, v. GRABEEL.

Division One, March 12, 1901.

1. **Color of Title:** UNRECORDED DEED. When one claims under color of title, the nature and extent of his claim, as well as his possession, must be made known. But it is not essential that the deed be recorded in order to make it color of title. If the evidence shows that the land has been openly known as the grantee's, and the plaintiff has lived in the neighborhood and seen and known that the grantee was actually cultivating a part of the land, there is color of title in the grantee.

2. ———: POSSESSION OF PART: LIMITATIONS. Ten years' unbroken possession by the grantee of a part of a tract after the recording of a deed under which he holds, gives him title to the whole.

3. Practice: EVIDENCE IN REBUTTAL: COMPETENCY. Plaintiff's evidence in rebuttal is not competent unless contradictory of what defendant's evidence has disclosed.

Appeal from the Ozark Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Harrison, Boone & McClendon* for appellant.

: (1)  The possession of the defendants would not extend beyond the land actually occupied and inclosed.   Crispen v. Hannavan, 50 Mo. 536; Turner v. Hall, 60 Mo. 271; Wilson v. Purl, 148 Mo. 449; Herbst v. Merrifield, 133 Mo. 267.  (2) The deed admitted in evidence, which is dated September 5, 1870, is void on its face, and conveys no title.   The statute then in force required the guardian and curator to obtain an order from the circuit court for the sale of the land.   Wagner's St. ch. 66, sec. 34, p. 677.   (3)  The deed from Matlock to McGee was not recorded until April 1, 1887.   Plaintiff, without the actual or constructive notice of such deed, would not be barred by adverse possession and limitation. Wilson v. Purl, supra.   This deed being void on its face, the defendants had no color of title to the land until the deed was delivered for record on April 1, 1887.   Nye v. Alfter, 127 Mo. 529.   In the case at bar, the deed from McGee to Grabeel was filed on the first day of March, 1888.   The suit was brought on November 4, 1897, so that the ten years limitation had not run against plaintiff.   (4)  The burden was upon the defendants to show title, by adverse possession.   Nye v.

Alfter, supra; Lynde v. Williams, 68 Mo. 360; Hunt v. Railroad, 75 Mo. 252; Bledsoe v. Simms, 53 Mo. 305; Key v. Jennings, 66 Mo. 66; Alexander v. Campbell, 74 Mo. 142; Spurlock v. Dougherty, 81 Mo. 151. (5) The court erred in refusing the evidence offered at the close of defendant's testimony tending to prove that these defendants, and those under whom they claimed had lived on a tract of land adjoining the land in question, and that there was only a narrow strip inclosed and in cultivation, and that plaintiff did not know that there was such a deed, and that he did not know that they claimed title adverse to him. Wilson v. Purl, supra. The owner of real estate may allow same to remain unoccupied for any number of years and the title carries with it the seizin, and to divest it by any lapse of time, it must be by actual ouster and adverse possession, the statutory period. Mylar v. Hughes, 60 Mo. 105.

*W. A. Love* for respondent.

VALLIANT, J.—Ejectment for forty acres in Ozark county. Answer, general denial and statutes of limitations, ten years and thirty years. Trial by the court, jury waived.

Plaintiff called a witness and asked him to refer to a plat and read an entry. What the plat was or what the entry would have referred to is not shown in the record. At that stage the investigation in that direction was interrupted by an admission "that A. Plaster entered the land in question, December 27, 1869." Then the plaintiff, Thomas E. Plaster, was called and asked: "Are you the identical person that that land was entered for by your guardian? A. Yes, sir." Cross-examined he said that his guardian's name was T. J. Matlock, that his father's name was Thomas Plaster, and that his own name was Thomas Alexander Plaster, but that it had always been

signed Thomas E. Plaster. He had never sold the land himself and knew nothing about the sale in 1869. He was born June 23, 1862. "Q. Were you ever in possession? A. I never lived on it at all. I worked on it when I was a small chap. Q. How long has Grabeel been in possession? A. I can't tell you. Q. How long since you have been in possession of the land? A. I hain't been in possession at all." Re-examined: "Q. You were living with your guardian when you worked on it? A. Yes, sir. Q. That was about 1869 or 1870? A. I don't know just when it was. Q. When did your father die? A. He died three or four days before I was born.......Did your father live on that tract of land when he died? A. No, sir; this land was entered, if I understand it right, with his money for me. Q. After he was dead? A. Yes, sir; after he was dead." With that evidence the plaintiff rested.

Defendants introduced deeds as follows: Thomas J. Matlock to James G. McGee, September 5, 1870, recorded April 1, 1887; James McGee and wife to Jesse J. McGee, April 27, 1886, recorded April 1, 1887; Jesse J. McGee and wife to Nancy H. Grabeel, November 23, 1887, recorded March 1, 1888; Nancy H. Grabeel to Andrew J. Grabeel, February 13, 1895, recorded—date of record not given in abstract.

The deed from Matlock to McGee described the grantor as "Thomas J. Matlock, guardian of Thomas Plaster;" in other respects it was simply a warranty deed from Matlock to McGee, not purporting to have been made in pursuance of an order of the county court nor to convey the title of a ward. The evidence shows that up to that time no one had lived on the land, but that Matlock lived near it, and had cleared and cultivated a small patch, two, three or four acres. McGee went into possession under his deed and continued to cultivate

the cleared part, but did not reside on the land. He, or his son Jesse, to whom he sold it, extended the clearing until when the latter sold to Grabeel, there were some ten or twelve acres cleared, fenced and in cultivation. Grabeel had homesteaded an adjoining forty, and when he bought from Jesse McGee, moved on his forty in a house within twenty-five or thirty feet of the line of the land in suit and immediately began to cultivate and enlarge the clearing on this land; that was October 15, 1887, and the Grabeels have been in possession ever since, and have made improvements on it. At the close of the evidence plaintiff offered to prove that defendants lived on a tract adjoining the land in suit, and only had a narrow strip in cultivation and never had any deed recorded until about 1889 (probably misprint for 1887) and the plaintiff knew nothing of any adverse claim or possession, which evidence the court declined to hear and plaintiff excepted.

The finding and judgment were for defendants and the plaintiff appeals.

I. The plaintiff's evidence can scarcely be said to have made a prima facie case for him, and if it had been held by the trial court that he failed on his own proof, the judgment would not have been disturbed. It was admitted that the land was entered by A. Plaster. That was not the name of the plaintiff, nor of his father. Plaintiff testified: "This land was entered if I understand it right with his (his father's) money for me." But he was speaking of a matter of which he had no personal knowledge, and which occurred when he was seven years old. It was only hearsay, and of remote and indefinite origin. But its sufficiency was not challenged in that court, and we will therefore not further criticize it. If plaintiff owned the land, his title did not pass by the deed from Matlock to McGee. The statute in force at that date prescribed the only method for sale by the guardian or curator

Vol 160 mo—43

of his ward's land.     It is incumbent on one claiming to have purchased such title to show that the statute was followed. [G. S. 1865, p. 469, secs. 28-33.] For interpretation of that statute see Bone v. Tyrrell, 113 Mo. 175, and cases cited.]     But the evidence showed that under that deed James McGee took possession of the land and continued to exercise ownership up to April, 1886, when he sold to Jesse McGee, who took possession and held until he sold to Grabeel.

Appellant contends that the Matlock deed being insufficient to convey his ward's title was not color of title until it was recorded, which was not until April 1, 1887, and that James McGee having actually cultivated only a few acres, his possession was not constructively extended by color of title over the entire tract.     In Crispen v. Hannavan, 50 Mo. 536 l. c. 544, it is said per BLISS, J.: "Not only must the entry and occupation be open, notorious, etc., but the true owner must have actual or constructive notice of the paper under which he enters, and thus be advised not only of the actual possession, which is so open as to be known to all men, but also of its constructive extent and boundary, which can be known only by the paper."     And in Nye v. Alfter, 127 Mo. 529, it was held under the circumstances of that case that an unrecorded void tax deed did not give color of title to the defendant. Those cases are authority on this subject only for saying that when one claims under color of title the nature and extent of his claim, as well as his possession, must be made known.     In Ozark Plateau Land Co. v. Hays, 105 Mo. 143, l. c. 150, per BARCLAY, J., the court said: "Color of title need not necessarily consist of recorded instruments.     Facts and circumstances, showing sufficient notoriety of claim, and of its relation and extent, may sometimes impart to an unrecorded instrument the effect of color."     It was not therefore essential that the Matlock deed should have been recorded, if as the

evidence tended to show, it was openly known as McGee's land, and the plaintiff lived in the neighborhood and saw and knew the condition.

II.   But the defendants may discard the Matlock deed entirely, and still have actual possession of part, under color of title for the whole, for the period limited by the statute. The plaintiff was twenty-one years old June 23, 1883.   James McGee and wife executed their deed to Jesse McGee April 27, 1886, under which he went into possession, and his deed was recorded April 1, 1887.   This suit was commenced November 4, 1897.   So that the plaintiff not only saw that the land was in possession of and being cultivated and improved by Jesse McGee in 1886, but he also had notice by the record in April, 1887, of the nature and extent of his claim and this was more than ten years next before the commencement of this suit.   That possession has been unbroken from that date to this.   The defendants have shown a perfect title by adverse possession.

The facts which plaintiff offered to prove at the close of defendant's case, were not contradictory of what the defendant's evidence itself diclosed.

The judgment of the circuit court was for the right party, and is affirmed.

All concur, except *Marshall, J.,* absent.