J. M. FIELDS, Appellant, v. H. A. BOLLINGER.

**Division Two, April 11, 1911.**

1. **ERRONEOUS EVIDENCE:** Admitted on Abandoned Issue. Where the only question presented to the appellate court for decision relates to the defense of the Statute of Limitation, objections to testimony on other points will not be considered.

2. **COLOR OF TITLE:** Unrecorded Deed. Facts and circumstances showing sufficient notoriety of claim, and its nature and extent, will impart to an unrecorded deed color of title. Where the land was occupied and part of it in cultivation at the time plaintiff bought, and the testimony showing plaintiff's possession under a deed not entitled to be recorded is practically undisputed, the recording of the deed was not essential to defendant's claim under color of title.

3. **JUDGE:** Disqualification: Formerly Counsel for One of Parties. While acting for counsel for Phelan and examining the records to ascertain the title of other lands a lawyer stated to Phelan that a sheriff's deed conveying the lands in suit was void because the certificate of the circuit clerk of the sheriff's ackowledgment was not indorsed thereon, and a year later Phelan received a deed from the person whose title the sheriff's deed purported to convey, and thereafter Phelan conveyed to plaintiff. That lawyer subsequently became circuit judge. *Held*, that as it does not appear that he had been counsel for either party, or for anyone under whom they claim, in any matter concerning the land in suit, he was not disqualified to try the suit to quiet the title.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Andrew W. Hunt* for appellant.

*N. A. Mozley* for respondent.

FERRISS, J.—Action under section 650, Revised Statutes 1899, to ascertain, determine and quiet title to lot one and the east half of lot two of the northeast quarter of section one, township twenty-seven, range eleven, in Stoddard county, Missouri.

Defendant's answer was (1) a general denial; (2) a plea of no consideration for the deed under which plaintiff claimed title; (3) a plea of the Statute of Limitations.

John E. Liles was the common source of title. Plaintiff, in support of his claim of title, offered in evidence a deed from John E. Liles, dated September 12, 1894, to Walter Phelan, conveying the land in controversy, and a deed from said Phelan, of date July 6, 1896, conveying said land to plaintiff; after which plaintiff rested.

Defendant rested his case largely upon his plea and proof of adverse possession of said land for more than ten years before the institution of this suit. He deraigns title by and through mesne conveyances from Ebenezer G. Liles, whose title was based on a sheriff's deed, dated December 2, 1871, purporting to convey the interest of John E. Liles in said land, upon which deed was not indorsed the certificate of the clerk of the circuit court of its acknowledgment by the sheriff, and, therefore, was adjudged by the court to convey no title to said Ebenezer G. Liles. In 1895 George W. Miller and Thomas J. Miller came into possession of the land by virtue of a warranty deed from the widow and heirs of H. H. Myerdick, who claimed from and through Ebenezer G. Liles by successive warranty deeds, and the land was held adversely by successive occupants, defendant's grantors, until conveyed to defendant by warranty deed, dated March 24, 1904, from O. R. Reynolds. The aforesaid deed to the Millers from the Myerdick heirs, executed and delivered in May, 1895, was not recorded until December 30, 1903.

The proof seems to be clear, and is practically undisputed, that the defendant and those under whom he claims had been in actual, open, notorious, exclusive, continuous and adverse possession of said land, under color of title, exercising acts of dominion over it, making improvements thereon, receiving the profits and

paying the taxes, for about twelve years prior to the institution of this suit; and the court so found.

There is no evidence whatever that plaintiff, before instituting this proceeding, asserted any right in himself adverse to defendant's claim, or questioned or disputed the same. It appears from the evidence that Walter Phelan, plaintiff's grantor, received a deed to the land from John E. Liles in 1894, but that no money consideration passed. Phelan, it seems, made the discovery that the sheriff's deed to Ebenezer G. Liles was defective for lack of acknowledgment. He reported the matter to John E. Liles, whom he induced to make him a deed to this land, Liles thinking, as Phelan testified, that he still had some interest therein undisposed of. Phelan conveyed to plaintiff Fields in 1896, but admitted that no money passed. As to the consideration for the deed, Phelan testified as follows: "Mr. Fields had agreed to take his saloon to Ardeola, in this county, when I was running for county judge, and to use his whiskey and influence to have me elected, and I thought, if elected, it would be worth $1000 to me." Question: "And in consideration for that service you made him this deed, in which you recited $1000 consideration?" Answer: "I don't know that the whiskey was all of it. He was going up there, and have the whiskey on the ground, and I don't know that he was going to use it for my benefit, but he was going to do his best for me; but I found out since that he never did anything." Question: "There was no consideration at all for it?" Answer: "Well, I guess I had a contract with him."

The court below held that the sheriff's deed conveyed no title because of the defective acknowledgment, but gave defendant judgment on a finding that he and those under whom he claimed had held the land in open, notorious, exclusive, continuous, adverse possession for more than ten years.

The plaintiff, on appeal to this court, claims: 1. That the court erred in its rulings on the introduction of testimony, in that it admitted incompetent evidence and also permitted defendant to ask, improperly, leading questions. 2. That the court erred in refusing declarations of law offered by plaintiff. 3. That the deed under which defendant claims his color of title, made in 1895, was not recorded until December, 1903. 4. That the trial judge was disqualified to try the case.

I. As the only question presented to this court concerns the defense of the Statute of Limitations, the objections to testimony on other points need not be considered. So far as this defense is concerned, we find no prejudicial error in the rulings on evidence.

II. The ruling of the court in refusing the instructions offered by plaintiff was correct in view of the finding on the defense of the Statute of Limitations.

III. In view of the evidence on the question of adverse possession, we hold that the recording of the deed from the Myerdick heirs was not essential to the claim of color of title. As was said by this court in Ozark Plateau Land Co. v. Hays, 105 Mo. 143, "color of title need not necessarily consist of recorded instruments. Facts and circumstances showing sufficient notoriety of claim, and of its nature and extent, may sometimes impart to an unrecorded document the effect of color." This ruling was approved by VALLIANT, J., in Plaster v. Grabeel, 160 Mo. 669. In the present case the testimony showing defendant's adverse possession is practically undisputed. The land was occupied and was in part cultivated. The plaintiff got his deed in 1896, but it does not appear that he made any claim to this land until he brought this suit.

IV. It seems that the trial judge, the Hon. J. L. Fort, while practicing law in 1893, was counsel for Walter Phelan, the person to whom the original owner, John E. Liles, made a deed in 1894, in a matter concerning some other lands in the same county, and that while looking over the records in relation to that matter, Judge Fort observed that the sheriff's deed to the land in controversy lacked a proper certificate of acknowledgment, and stated to Phelan that he considered the deed void. This was a year prior to the date of the deed from Liles to Phelan. It does not appear that Judge Fort had been counsel for either party to this action. The remark attributed to him was not made in reference to the matter in which he was acting as counsel. The objection was properly overruled.

V. The evidence is ample to sustain the judgment, which is, therefore, affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.