Lewis GUERIN et al., Plaintiffs-Respondents,

v.

James Warren YOCUM et ux., et al.,
Defendants-Appellants.

No. 9432.

Missouri Court of Appeals,
Springfield District.

Feb. 7, 1974.

Crain, Garrison & Eiffert, Ozark, for plaintiffs-respondents.

John B. Newberry, Springfield, for defendants-appellants.

BILLINGS, Judge.

Plaintiff obtained a mandatory injunction against the defendant's blocking of a road that plaintiff used to get to his home and which crossed a portion of defendant's farm. The lower court decree plaintiff had an "easement of roadway" over the defendant's land and in addition to granting the requested injunctive relief awarded plaintiff nominal damages for the defendant's wrongful blocking of the road. We affirm.

Witnesses for both parties testified that for a period of fifty to sixty years there had been a north-south road which crossed defendant's property and ran north past the home of plaintiff. In 1952 or 1953 an east-west highway, "T", was constructed which intersected the road in question and approaches and entrances were built on each side of "T" to accommodate the users of the old road travelling either north or south from "T".

Plaintiff's farm and home is located north of "T" and the road runs north from "T" across a portion of a forty-acre tract owned by the defendant. Defendant's home is located south of "T". Before "T" was constructed, and possibly for some period thereafter, there were other dwellings located along the road north of plaintiff's

farm and the road was used to travel north to the community of Bruner.

The scope of our review is governed by Rule 73.01(d), V.A.M.R., and while it is our duty to review the case upon both the law and the evidence, the judgment is not to be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to observe the witnesses. And, where there is a conflict in the testimony, deference is to be given to the conclusions reached by the trial court. Kester v. Jeter, 481 S.W.2d 510 (Mo.App.1972); Speer v. Carr, 429 S.W.2d 266 (Mo.1968).

Plaintiff's claim to the use of the road was premised on an easement by prescription, or in the alternative, the existence of a public roadway by reason of public use and the expenditure of public money or labor pursuant to § 228.190, RSMo. 1969, V.A.M.S. If plaintiff is entitled to relief under either theory the judgment of the trial court must be affirmed regardless of whether the trial court's basis for its ruling is correct or not. Gilliam v. Hopkins, 472 S.W.2d 436, 443 (Mo.App. 1971); Equity Mutual Ins. Co. v. Affiliated Parking, Inc., 448 S.W.2d 909, 912 (Mo.App.1969); Service Construction Co. v. Nichols, 378 S.W.2d 283 (Mo.App.1964).

An easement by prescription may be established by use which is shown to have been continuous, uninterrupted, visible and adverse for a period of ten years. McDougall v. Castelli, 501 S.W.2d 855, 858 (Mo.App.1973); Speer v. Carr, supra at 268 of 429 S.W.2d. For the purpose of establishing the prescriptive period successive periods of adverse use may be added or "tacked" together if there has been privity between users. Privity exists when successive uses are made under common title. Auldridge v. Spraggin, 349 Mo. 858, 163 S.W.2d 1042 (1942).

In addition to the evidence of the use of the road for many years by members of the general public, there was evi-

dence that plaintiff and his immediate predecessor in title, Perry Gilbert, used the road from 1949 to 1964 to get to what is now plaintiff's farm and home. Gilbert actually commenced using the road in 1943 when he acquired ownership but from 1943 until 1949 he was a tenant of defendant's predecessor in title and for purpose of determining the requisite ten-year period of adverse use we have eliminated his first six years of use since the use of a roadway by a tenant cannot be used to establish an easement against his landlord. Marshall v. Callahan, 241 Mo.App. 336, 229 S.W.2d 730 (1950). We have also ignored plaintiff's use of the road from 1964 until 1967 since during this latter period plaintiff likewise occupied what is now defendant's farm as a tenant of the former owner before moving back on his own premises.

Since Gilbert and plaintiff used the road from 1949 to 1964 the only remaining question is whether that use was adverse Proof of an open, notorious, continuous and uninterrupted use for the required period of ten years, without evidence to explain how it began, raises a presumption that it was adverse and under a claim of right. "Such proof thereupon casts upon the owner of the servient tenement . . . the burden of showing that the use was permissive or by virtue of some license, indulgence or agreement, inconsistent with this right." McDougall v. Castelli, supra at 858 of 501 S.W.2d; Benson v. Fekete, 424 S.W.2d 729, 738 (Mo.banc 1968). Defendant in this case offered no evidence to show that the use of the road by plaintiff and Gilbert was permissive in its inception.

There was also evidence in the record that before defendant purchased her farm in 1968 she travelled the road in question in order to have the plaintiff show her [and her then husband] the boundaries of the property. The realtor who handled the sale to defendant, pursuant to instructions from defendant's predecessor in title, informed her that the sale was subject to plaintiff's use of the road and testified:

"Everybody could see it. I sold it subject to that, the roadway." Defendant was aware of plaintiff's use of the road to reach his farm and this use by plaintiff continued without objection until March of 1971 at which time she notified plaintiff he would not be permitted to cross her lands, posted no trespassing signs, and locked a gate across the road.

■ A purchaser of land with knowledge or with actual, constructive or implied notice that it is burdened with an easement in favor of other property takes the land subject to the easement. Loumar Development Co. v. Redel, 369 S.W.2d 252 (Mo. 1963). A purchaser of realty is charged with notice of an easement where the existence of the servitude is apparent upon an ordinary inspection of the premises. Drainage District No. 48 of Dunklin County v. Small, 318 S.W.2d 497 (Mo.banc 1958).

Here, defendant was given notice of the existence of plaintiff's easement. In addition, the road was well-defined [having been graded in 1967], defendant had travelled the road, and knew that plaintiff used the road to get to his home. Thus, defendant had both actual and constructive notice of the easement prior to her purchase of her farm.

■ There is sufficient evidence in the record, as the foregoing demonstrates, to sustain the finding of the trial judge that an "easement of roadway" existed in favor of plaintiff across defendant's land. In view of this determination we do not deem it necessary to consider the evidence relevant to the question of the road being a legally established road under § 228.190, RSMo. 1969, V.A.M.S. In so saying, we express no opinion as to whether the road is a private road by prescription or a public road by prescription. Sellers v. Swehla, 364 Mo. 285, 261 S.W.2d 26, 36 (1953) dissenting opinion by Dalton, J. We conclude only that plaintiff's right to use the road has been invaded by obstructions placed by

defendant, and that the judgment of the trial court is not "clearly erroneous".

The judgment is affirmed.

STONE, J., and CARVER and WARDEN, Special Judges, concur.

HOGAN, C. J., and TITUS, J., not sitting.