Joseph E. GLENVILLE and Ann M. Glenville, Respondents,

v.

George A. STRAHL and Jean Strahl, Appellants.

No. 35781.

Missouri Court of Appeals, St. Louis District, Division No. 1.

Dec. 3, 1974.

Joseph J. Schmidt, St. Louis, for respondents.

Wion, Burke & Boll, Clayton, for appellants.

CLEMENS, Judge.

Plaintiffs sued for and were granted a prescriptive easement over a strip of defendants' land. Defendants appeal.

Plaintiffs' Count I sought a declaration of easement based on a 1925 deed; Count II sought title by adverse possession; Count III sought a declaration of easement by prescription.

Plaintiffs' Count I was dismissed at the close of their case, and the trial court ruled Count II for defendants. Defendants appeal from the Count III ruling in plaintiffs' favor. We affirm.

The disputed area is a 10′ by 58′ strip at the northern edge of defendants' land, contiguous with the southern boundary of plaintiffs' land. The strip was part of land on which an easement was granted by deed in 1925. The easement was reconveyed to the grantor in 1941; hence, the dismissal of Count I. Plaintiffs got title to their parcel of land in 1957 and defendants to theirs in 1962.

Defendants first argue the adverse or hostile element essential to acquisition of a prescriptive easement cannot be found here because of mutual mistake of fact. Both parties testified they understood their surveys, based on the original 1925 easement of deeds, indicated an easement on the disputed land. In fact, the surveys were wrong since the 1925 easement had been reconveyed and no longer existed. Plaintiffs' use of the land as a driveway was based on the inaccurate survey and upon the facts that the strip was gravelled, led into their property and had long been used as a driveway by them and their predecessors in title.

■ Missouri courts have not confronted the issue of mistake in the case of easements. But the law governing adverse possession based on mistake applies, since the method of acquiring prescriptive easements is analogous to that of establishing title by adverse possession. Bridle Trail Assn. v. O'Shanick, 290 S.W.2d 401 [2–6] (Mo.App.1956).

■ For possession to be hostile, neither knowledge of the actual title holder, nor intent to deprive him of title is required. It is only necessary the claimant intended to occupy and did occupy the land as his own. Boeckmann v. Fitzpatrick, 491 S.W. 2d 524 [12] (Mo.1973); Agers v. Reynolds, 306 S.W.2d 506 [4] (Mo.1957). "It is the intent to possess, and not the intent to take irrespective of his right, which governs." State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W.2d 174 [5–8] (1941).

■ Plaintiffs clearly intended to and did use the driveway as their own. Their testimony reflected their reasons for using it, *supra*, and the character of their use: daily ingress and egress, maintenance of the driveway, installation of a fence on the east end of the driveway, and objection to others' use of the driveway.

The court's judgment on Count III was not erroneous.

■■ We find no merit in defendants' final contention that the judgment against plaintiffs on Count I and II compelled a finding against them on Count III.

Count I was based on an easement by deed, shown by defendants to be extinct; its dismissal was not based on a finding that elements of adverse use were lacking. Although the elements required to establish title by adverse possession are like those which prove a prescriptive easement, there is a distinction. Bridle Trail Ass'n v. O'Shanick, *supra*, 290 S.W.2d at 405. Adverse possession denotes title acquired by the manner of *possession*, while a prescriptive easement is a non-exclusive right acquired by the manner *of use*; proof of one is not proof of the other. See Cramer v.

Jenkins, 399 S.W.2d 15 [2] (Mo.1966). The judgment for defendants on Count II and the judgment for plaintiffs on Count III were not inconsistent.

Judgment affirmed.

WEIER, Acting P. J., and RENDLEN, J., concur.