Leroy G. DAY and Donna P. H. Day, Respondents,

v.

Marjorie Eileen Fox GRISHAM and Fred L. Grisham, Appellants.

No. 39733.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 22, 1978.

Hansen, Stierberger, Hartley & Brown, Charles E. Hansen, Union, for appellants.

Orlando J. Mundwiller, Hermann, for respondents.

CLEMENS, Presiding Judge.

Plaintiffs' Count I sought a declaration of easement by prescription over a strip of defendants' land; alternatively, Count II sought the same by implication and Count III sought title by adverse possession. Plaintiffs were granted a prescriptive easement on Count I and defendants have appealed.

The disputed area is a 20-foot strip 800-feet long, extending from plaintiffs' land-locked tract across defendants' farm to a county road. In 1895 a larger tract was divided by conveyance into two separate tracts, and each subsequent owner of plaintiffs' present tract has used the strip as their only means of access. Defendants took title to their tract in 1969 and plaintiffs to theirs in 1975.

Defendants first contend the judgment on Count I is beyond the scope of the pleadings in that plaintiffs do not allege continuous, uninterrrupted, visible and adverse use. Count I alleges that for over 30 years plaintiffs and their predecessors in title have used the 20-foot roadway across defendants' lands as their only means of access.

We find that facts stated in plaintiffs' petition are sufficient to inform defendant with reasonable certainty of the cause of action they were called upon to meet and to bar another action for the same subject matter. Compare *Barber v. Allright Kansas City, Inc.*, 472 S.W.2d 42[3] (Mo.App. 1971). Plaintiffs have alleged use of the strip for a period exceeding the statutory

requirement of ten years. Compare *Guerin v. Yocum*, 506 S.W.2d 46[3] (Mo.App.1974). For possession to be hostile it is only necessary the claimant intended to and did use the land as his own. *Glenville v. Strahl*, 516 S.W.2d 781[2] (Mo.App.1974).

■ Defendants' second contention is that the judgment against plaintiffs on alternative Counts II and III precludes recovery on Count I. Not so. Count II alleged an easement by implication; its dismissal was not based on the absence of continuous, adverse use. An easement by implication depends on the parties' intent. *Pendleton v. Gundaker*, 381 S.W.2d 849[3] (Mo.1964). Elements required to establish title by adverse possession (Count III) are distinguishable from those which prove a prescriptive easement (Count I). Adverse possession denotes title acquired by the manner of *possession*, while a claim for a prescriptive easement is a non-exclusive right acquired by the manner of *use*. *Glenville, supra* [5]. The judgments against plaintiffs on alternative Counts II and III were not inconsistent with the judgment for plaintiffs on Count I.

■ Defendants finally contend there was no substantial evidence of a prescriptive easement. The testimony of plaintiffs, two of their predecessors in title, and the daughter of defendants' predecessor in title, show successive periods of open use of the strip as a roadway since 1895, without evidence to explain how it began. A presumption of adverse use under claim of right was shown and the burden shifted to defendants to show permissive use. *Guerin, supra* [4]. Defendant offered no evidence that use of the roadway was ever permissive. The evidence supports the judgment for plaintiffs in Count I.

Judgment affirmed.

SMITH, J., not participating.

McMILLIAN, J., concurs.