Joseph F. **MUELLER**, Plaintiff-Respondent,

v.

Floyd M. **PITTARD**, Sr., Defendant-Appellant,

v.

Thomas **SKAGGS** and Doris **Skaggs**, Defendants.

No. 10721.

Missouri Court of Appeals, Southern District, Division One.

Nov. 9, 1979.

ty Highway Y with State Highway 137 and in so doing crosses the respective lands of each of the parties. The portion of the road which is in dispute is that which crosses the Skaggs land and the Pittard land. The Skaggs segment is approximately a quarter of a mile long and the Pittard segment is approximately three quarters of a mile long.

The petition alleged that the defendants had erected obstructions on the disputed portion and sought an injunction requiring the removal of the obstructions and prohibiting further obstructions.

Defendants Skaggs defaulted and the case proceeded to trial on the issues framed by the petition and the answer of defendant Pittard. The trial court found the issues in favor of plaintiff. The decree stated that plaintiff "has a right of easement over and across defendants' lands, consisting of a strip of land 30 feet wide, following the course established by the roadway described in plaintiff's petition and the defendants, their servants, agents, and employees, and all persons acting for or by them, are enjoined from interfering with plaintiff's full enjoyment of the easement."[1]

Defendant Pittard appeals.

Defendant's first contention is that the trial court erred in decreeing that plaintiff had a "right of easement" across the disputed portion for the reason that the petition was not based on the theory of "easement" but was based on the theory that the disputed portion was "a public road."

█ The petition, which was not attacked by motion, is lengthy. Some of the facts alleged in it lend support to alternative and perhaps inconsistent theories as predicates for plaintiff's request for injunctive relief. Missouri procedure permits a pleading to possess the traits of alternativity and inconsistency. Rule 55.10.[2]

Morton K. Lange, Cuba, for defendant-appellant.

Maurice W. Covert, Houston, for plaintiff-respondent.

FLANIGAN, Chief Judge.

This case involves a road dispute. Plaintiff Mueller is the owner of land which lies adjacent to and north of the land owned by defendant Pittard. The land of defendants Skaggs lies west of and adjacent to the Pittard land. A road connects Texas Coun-

---

1. The decree of the trial court contained an additional provision permitting, conditionally, the placement of cattleguards or gates across the roadway in such manner as not to interfere with plaintiff's full use of the easement. Plaintiff, respondent in this court, has made no objection to the inclusion of that provision.

2. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R. and all references to statutes are to RSMo 1969, V.A.M.S.

■ Defendant concedes that the petition adequately pleaded that the disputed portion was "a legally established road" within § 228.190 which reads, in pertinent part, "All roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads."

The allegations of the petition, however, are not confined to the claim based on § 228.190. The petition also contains the following: "Said road has been used by the plaintiff and his predecessors in title and by the public generally, openly and notoriously, for a period of more than 50 years; defendants and their predecessors in title, by allowing the plaintiff . . . to use said road, have intended thereby to dedicate said road to the plaintiff . . . and have dedicated and allowed the use of said road by the plaintiff and his predecessors in title, in excess of ten years, whereupon an easement has arisen . . . to and in the plaintiff . . . and by reason of said facts, defendants are estopped from denying the plaintiff . . . the use thereof; said [road] affords to the plaintiff the only means in ingress and egress to and from his property."

In *Day v. Grisham,* 571 S.W.2d 473 (Mo. App.1978) the petition sought, and the court granted, a declaration of easement by prescription over defendants' land. Defendants contended that the judgment was beyond the scope of the pleadings in that the petition did not allege "continuous, uninterrupted, visible and adverse use." The court of appeals, in rejecting defendants' contention, pointed out that the petition did allege that for over 30 years plaintiffs and their predecessors in title had used the 20 foot roadway across defendants' land as their only means of access. The court said, at p. 474: "We find that facts stated in plaintiffs' petition are sufficient to inform defendant with reasonable certainty of the cause of action they were called upon to meet and to bar another action for the same subject matter."

The instant petition includes, but is not limited to, allegations held in *Day* to be sufficient to constitute a pleading based on the theory of "easement by prescription." Defendant's first contention has no merit for the reason that it proceeds on the invalid assumption that the petition failed to allege sufficient facts to invoke the theory of "easement."

Defendant's second contention is that the trial court erred in decreeing that plaintiffs had a "right of easement" over defendant's land because there was no proof that the alleged use by plaintiff and his predecessors "was continuous, uninterrupted, visible and adverse under a claim of right for the statutory period of ten years."

In *Guerin v. Yocum,* 506 S.W.2d 46 (Mo. App.1974) the plaintiff sought injunctive relief against defendant's blocking of a road which plaintiff used for access to his land and which crossed defendant's land. The trial court granted the relief and this court affirmed the decree. The petition, in asserting plaintiff's claim to the use of the road, based that claim upon the alternative theories of easement by prescription and the existence of a legally established road "by reason of public use and expenditure of public money or labor pursuant to § 228.-190." The trial court granted the injunctive relief on the theory of "easement." This court held that the judgment of the trial court required affirmance if the plaintiff was entitled to relief under *either* theory. This court held that the evidence was sufficient to sustain the finding of "easement of roadway" and further stated: "[W]e express no opinion as to whether the road is a private road by prescription or a public road by prescription . . . we conclude only that plaintiff's right to use the road has been invaded by obstructions placed by defendant . . . ."

■ As pointed out in *Guerin,* the trial court was justified in granting injunctive relief if the evidence supported either of the alternative theories—"easement by prescription" or "legally established road" under § 228.190—pleaded by the petition.

Defendant does not contend that the evidence was insufficient to show that the disputed portion was "a legally established road" under § 228.190. A gratuitous review of the record shows that the evidence was sufficient to entitle plaintiff to relief under that theory. The evidence was of the type adduced in *Wilson v. Sherman,* 573 S.W.2d 456, 458 (Mo.App.1978). The establishment of a public road under § 228.190 is a method separate and distinct from establishment by prescription and if the evidence is sufficient to satisfy the requirements of § 228.190, there is no need to determine whether it meets the requirements of an alternate method for the establishment of a public road, *Wilson,* p. 459, or a private road, *Guerin,* p. 48.

█ Although defendant concedes, at least tacitly, that the evidence was sufficient to show that the disputed portion was a legally established road under § 228.190, defendant contends that the road was abandoned. The claim of abandonment is not contained in defendant's "points relied on" and there is authority to the effect that the contention, relegated to the argument portion of the brief, will not be considered on appeal. *Nutz v. Shepherd,* 490 S.W.2d 366, 372[12] (Mo.App.1973). (Citing authorities.)

█ Defendant's answer had not pleaded abandonment. Defendant did not testify and his sole witness did not offer evidence supporting a finding of abandonment. "One asserting abandonment of a public road must carry the burden . . . of showing such abandonment by clear and cogent proof." *Connell v. Baker,* 458 S.W.2d 573, 577 (Mo.App.1970). Defendant seeks to rely upon portions of plaintiff's evidence to support his argument of abandonment. The testimony is disjointed and lacking in clarity. It does not constitute "clear and cogent proof" of abandonment, nor did plaintiff's proof include the quality of evidence, respecting abandonment, required by such authorities as *Johnson v.*

*Rasmus,* 237 Mo. 586, 592, 141 S.W. 590, 591 (1911); *County of Bollinger v. Ladd,* 564 S.W.2d 267, 270 (Mo.App.1978); and *Connell v. Baker,* 458 S.W.2d 573, 577 (Mo.App. 1970). See also *Hedges v. County Court for Ray County,* 581 S.W.2d 73, 78 (Mo.App. 1979).

Defendant's second contention has no merit for the reason that even if, which need not be determined, the alleged evidentiary deficiencies in fact existed, the injunctive relief granted by the decree is otherwise supported by the evidence.

█ Defendant's third point is that the trial court erred in decreeing that the disputed portion of the road consisted "of a strip of land 30 feet wide." There is merit in this contention. Although the petition pleaded that the disputed portion of the road was "approximately 30 feet in width," plaintiff adduced no evidence in support of that allegation. Defendant's evidence was that the road was narrower than 30 feet.[3]

As was the situation in *Connell v. Baker,* supra, 458 S.W.2d 573, 578, there was no surveyor's description of the disputed portion of the road in the petition, the evidence or the decree. The petition did not request a declaration of an "easement." The petition did describe the disputed portion of the road as "running from the south line of plaintiff's land to the said County Road (Y) and following the ridge line, and following a course from plaintiff's land to the said County Road (Y)." In *Connell* this court, in affirming the decree for the plaintiffs, said:

"But no such description was essential to the injunctive relief sought and granted, for nothing in the record indicated that plaintiffs or defendants have any difficulty in recognizing and following the route of 'the old road' or 'the roadway as it now runs' across defendants' tract, plaintiffs did not seek establishment and location of an easement over a precisely-demarcated and legally-described strip . . . and the injunctive decree sought and rendered oper-

---

3. In *Drydale v. Kiser,* 413 S.W.2d 506 (Mo. 1967) it was held that the creation of a legally established road under § 228.190 was valid although the road was only 18 to 20 feet wide

and although § 229.010 provides that "[a]ll public roads in this state which hereafter may be established shall not be less than [30] feet in width."

ates in personam . . . and does not run with the land." (Citing authorities.)

In the case at bar there is nothing in the record to indicate that plaintiff or defendants will have any difficulty in "recognizing and following" the disputed portion of the road.

That portion of the trial court's decree containing the language, "consisting of a strip of land 30 feet wide" is deleted. As modified by that deletion, the judgment is affirmed.

All concur.