**Alpha BREWER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. S 80–73C.**

United States District Court, E.D. Missouri, Southeastern Division.

Feb. 25, 1983.

Kenneth W. Shrum, Marble Hill, Mo., for plaintiff.

Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court for a decision on the merits of plaintiff's claims following a one day non-jury trial. Plaintiff's two count complaint alleges that plaintiff is the rightful owner of a small tract of land in Shannon County, Missouri by virtue of adverse possession running against the United States' (the current "paper" title holder) predecessor in interest (the McCormacs), Section 516.010 Mo.Rev.

Stat. (1969). Plaintiff also seeks damages from defendant for its illegal possession of the land since 1973 in Count 2. The United States claims title to the subject land, some 5.14 acres, (hereinafter the Brewer tract), pursuant to a deed of trust dated January 10, 1973 from Goldie McCormac of a 114.83 acre tract containing the disputed land, or in the alternative, a deed conveying an adjoining 45.4 acre tract to defendant by plaintiff on March 5, 1975. Defendant also maintains that plaintiff's claim is barred the appropriate statute of limitations, that legally effective adverse possession was not established by the plaintiff, and further that the Tucker Act, 28 U.S.C. §§ 1346 and 1491 bars plaintiff's claim.

After consideration of the testimony adduced at trial, the exhibits introduced into evidence, the briefs of the parties, and the applicable law, the Court hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such and, conversely, any conclusion of law equally applicable as a finding of fact is hereby adopted as such.

### Findings of Fact

1. Plaintiff has made a claim for both a body of land and an easement running from a public highway to that land. The legal description of the tract in controversy is as follows:

All that part of the Southeast Quarter of the Northeast Quarter of Section Thirty Six (36), Township Twenty Nine (29) North, Range Five (5) West, 5th Principal Meridian, Shannon County, Missouri, and described as follows: Beginning at the Northwest corner of said quarter; thence South 87 degrees 44 minutes 30 seconds East along the North line of said quarter quarter 467.33 feet to an old fence; thence South 0 degrees 49 minutes West, along said fence, 419.38 feet to a fence corner; thence, South 78 degrees 55 minutes West along an old fence 485.72 feet to the West line of said quarter quarter; thence North 1 degree 41 minutes 30 seconds East, along said west line, 531.35

feet to the point of the beginning, and containing 5.14 acres, more or less.

2. The description of the easement which is the subject of plaintiff's claim is described as follows:

Beginning at the center line of Missouri Highway 106 at St830 + 25 as shown by the Missouri State Highway records, said point of beginning being in the Southeast Quarter of the Northeast Quarter of Section Thirty Six (36), Township Twenty Nine (29) North, Range Five (5) West, in Shannon County, Missouri; thence approximately North 6 degrees West 86 feet, more or less, to where said center line intersects the South line of a 5.14 acre tract shown as Tract B on plaintiff's exhibit 1 and plaintiff's exhibit 2, the point of intersection of the center line of said 25 foot easement with the South line of the Tract B being at a point that is North 78 degrees 55 minutes East, 122 feet from the Missouri State Highway marker set at St827 + 34.5 BK = 828 + 960AH, and with the center line of said easement terminating at said point.

3. On January 10, 1973, the United States acquired Tract No. 1705 from Goldie McCormac by warranty deed as part of the land acquisition program for the Ozark National Scenic Riverways. The 5.14 acres in question was included in the description of this deed. Mrs. McCormac received Forty Four Thousand Dollars ($44,000) in consideration for the transfer. This deed was duly filed and recorded in accordance with the Missouri statutory dictates.

4. The United States acquired Tract 1703, some 45.4 acres, which adjoins the land in question on the north and west sides, from Alpha Brewer, the plaintiff, by warranty deed dated March 5, 1975. The deed was also duly recorded.

5. The National Park Service took possession of Tract 1705 containing the disputed acreage on January 10, 1973 and has continually possessed the land from that time. The National Park Service leased a portion of the lands acquired, including the contested land, via a Special Use Permit to grow grain for wildlife purposes, to one Donald Broadfoot.

6. Plaintiff filed suit on July 8, 1980 and alleged her ownership of the tract through adverse possession running against not the United States, but rather against the United States' predecessor in title—the McCormacs. It is admitted by plaintiff that the tract was included in the legal description of the above described deed of January 10, 1973 (McCormacs' conveying Tract 1705 to the U.S.). Adverse possession is plaintiff's only claim to the tract.

7. The Brewer's original farm consisted of some two hundred (200) acres (approximately). The farm contained the Brewer tract in that it was fenced in and farmed by prior owners of the Brewer farm since the late 1920's. Warranty deeds made a part of this record herein indicate that the Brewer farm was owned and occupied by A.W. Drewel and Lela Drewel from the Nineteen Twenties until 1948. At that time, the Brewer farm was conveyed to W.P. and Virginia Hodge, who in turn conveyed the farm to the Brewers in 1951. The Brewers lived on the farm from 1951 until 1956. In 1956 the Brewers moved off the farm, but continued to farm it for their own benefit. Alpha Brewer sold a portion of the farm to the National Park Service in 1975. This tract (Tract 1703) did not include but rather adjoined the Brewer tract. The remaining area, including the contested tract, continued to be possessed by the Brewers and utilized by the Brewers for farming purposes.

8. The plaintiff established by uncontroverted evidence that the Brewer tract had been fenced in and treated as part of her and her predecessor's in title (the Drewels and Hodges) farm since prior to 1927. Since from the time plaintiff acquired her farm in 1951 until 1973, no one including the McCormacs ever evidenced any claim of right to the land or protested the continued and notorious possession, control and ownership of the Brewer tract by the Brewers. The legal title holders to the Brewer tract were the McCormacs. The McCormacs had owned their farm (Tract 1705) since prior to the time the Brewers purchased and com-

menced possession of the Brewer farm. There is no indication of record as to the McCormacs having occupied the Brewer tract prior to the Brewers' purchase of their farm. All that is known is that the McCormacs considered it the Brewers' land since 1951.

9. From approximately 1927 through at least 1973, plaintiff and her predecessors in title occupied the Brewer tract. The land was Jacks Fork River bottom land and was fenced and farmed by the Drewels, Hodges and the Brewers for row crops, hay, and pasturage for both horses and cows. Plaintiff participated in U.S. Department of Agricultural feed grain and wheat programs based upon the ownership of this land as recently as 1972. The continuous and open use of the tract extended uninterrupted until 1973.

10. The first evidence of physical possession by anyone other than the Brewers was May 1, 1973 when the U.S. leased the land to Donald Broadfoot who farmed the tract. In July, 1976, plaintiff had the tract surveyed. It is fair to say that both the Brewers and the United States have signified their intent to possess the tract since 1973. In the period between 1951 and 1973, the Brewers possessed the Brewer tract in an open, actual, hostile, notorious, exclusive and continuous manner. It is in this period, by operation of Section 516.070, Mo.Rev. Stat. (1969) that plaintiff acquired title to the Brewer tract.

11. The United States has proffered no evidence of any fact which would call into question plaintiff's commencing possession in 1951 or establish an interruption of that possession any time before the ten year statutory period had run. By employing the above described easement as their exclusive means of moving farm equipment, horses and cattle to and from the Brewer tract from Missouri Highway 106, the plaintiff has established an easement by prescription running from said highway to said tract. Defendant did not object to the admission of the evidence establishing the easement. Defendant also offered no evidence which would tend to defeat the prescriptive easement of plaintiff from the highway to the Brewer tract.

### Conclusions of Law

 This suit was apparently brought by plaintiff to adjudicate the disputed title to real property in which the United States claims an interest within the meaning of 28 U.S.C. § 2409(a). Exclusive original jurisdiction therefore vests in this Court pursuant to 28 U.S.C. § 1346(f). *Bank of Hemet v. United States,* 643 F.2d 661 (9th Cir. 1981). This supposition is necessary since the only statutory rights referred to in plaintiff's complaint are the limitation period contained in the adverse possession statute of Missouri, § 516.010 *et seq.* Mo.Rev. Stat. (1969). While no federal substantive or jurisdictional statutes are contained in plaintiff's complaint, the parties have asserted the above cited federal right at trial and in briefs filed with this Court, and therefore the merits of these claims are properly addressed.

Brewer alleges that her claim to quiet title to the tract is governed by the twelve year limitations' period contained in 28 U.S.C. § 2409(f) which provides:

(f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

This suit was filed on July 8, 1980. The United States' claim to this tract emerges from two deeds dated January 10, 1973 and March 5, 1975. United States' earliest indication of physical possession was May 1, 1973 when the Brewer tract was leased to Donald Broadfoot. Consequently, if plaintiff's argument that 28 U.S.C. § 2409(f) governs its claim is correct, then this suit is not barred by the six year period of limitations, 28 U.S.C. § 2401(a). Defendant weaves a contrary position.

 Defendant contends it may condemn land outright pursuant to 28 U.S.C. § 1358, but this is not the exclusive manner

in which the sovereign can exercise its power of eminent domain. If it prefers, it can enter into physical possession of the property without the authority of a court order, leaving the landowner to bring suit for compensation under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), and 1491 and *United States v. Dow,* 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958); *Hurley v. Kincaid,* 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637 (1932). When the United States does employ the Tucker Act type of "condemnations" a landowner's only avenue of recovery is monetary relief. Such claims are barred by the (six year) limitations period contained in 28 U.S.C. § 2401(a). As plaintiff's complaint contains no citation to federal substantive rights, this Court must examine the nature of the rights plaintiff asserts and attempt to discern whether plaintiff seeks to assert rights contained in 28 U.S.C. § 2409(a) or the Tucker Act, 28 U.S.C. § 1346(a)(2) and § 1491. It is this Court's conclusion that this suit is not a Tucker Act claim limited by the six year statute as contained in § 2401(a) as defendant argues.

The Tucker Act provides for a procedure whereby claimants can obtain just compensation for the taking of land by the United States. *U.S. v. Gregory,* 300 F.2d 11 (10th Cir.1962); *see also* 99 A.L.R.2d 1011. Two factors mitigate against plaintiff's claims being grounded in the Tucker Act. First, plaintiff's complaint, Count 1, seeks the equitable declaration of rightful title of the tract in the name of Alpha Brewer. This relief is outside that provided for by the Tucker Act which only provides for monetary relief for the loss of plaintiff's land. Secondly, the subsidiary monetary relief requested in Count 2 by plaintiff is Twenty Thousand Dollars ($20,000). This prayer brings this claim outside the jurisdictional maximum of Ten Thousand Dollars ($10,000) for suits heard in the district court as contained in 28 U.S.C. § 1346(a)(2). Additionally, defendant took possession·of the Brewer tract pursuant to the McCormac deed dated January 10, 1973 and not in a purposeful effort to effectuate a condemnation under the Tucker Act. Therefore, this Court will treat plaintiff's complaint as asserting rights not under the Tucker Act but rather under 28 U.S.C. § 2409(a). Since 28 U.S.C. § 2409(f) contains a twelve year limitation period, plaintiff's claims are not time barred.

■ Nevertheless, exclusive jurisdiction of plaintiff's damage claims (Count II), as it is in excess of Ten Thousand Dollars ($10,000), lies with the Court of Claims if brought pursuant to 28 U.S.C. §§ 1346 and 1491. *Chelsea Community Hospital v. Michigan Blue Cross Association,* 630 F.2d 1131 (6th Cir.1980). There is no provision in 28 U.S.C. § 2409(a) for the award of monetary relief for unwarranted possession. Plaintiff's Count II will accordingly be dismissed.

■ Plaintiff had fenced, cultivated and used for pasturage the Brewer tract from 1951 until approximately 1975. Use as pasturage alone fails to establish possession or an overt claim of ownership. *Dambach v. James,* 587 S.W.2d 640 (Mo.App. 1979) *citing Miller v. Warner,* 433 S.W.2d 259, 264 (Mo.1968). Enclosure by fence, without more, also does not per se establish possession, but it has been described as a strong indication of possession. *Ross v. McNeal,* 618 S.W.2d 224 (Mo.App.1981); *Albert v. Declue,* 526 S.W.2d 39 (Mo.App. 1975). It appears that the cultivation itself may be sufficient, *Plaster v. Grabeel,* 160 Mo. 669, 61 S.W. 589 (Mo.1901). But, these acts taken together clearly demonstrate that plaintiff was in possession of the Brewer tract. *See City of South Greenfield v. Cagle,* 591 S.W.2d 156 (Mo.App.1979).

This possession was certainly open and notorious and testimony indicated that the title holders (the McCormacs) had notice of Brewer's use and possession of the tract. *Porter v. Posey,* 592 S.W.2d 844 (Mo.App. 1979). The plaintiff established that the McCormacs were actually aware of the exclusive use of the land by the Brewers in that the use was solely for their own interest. *Porter,* 592 S.W.2d at 850.

■ The possession was clearly for a continuous period in excess of the statutory time period (10 years). The Brewers' exclu-

sively possessed the property personally from 1951 until 1956 and, through their agents (by continued cultivation) through 1973. This constitutes continued possession by the Brewers. *Teson v. Vasquez*, 561 S.W.2d 119 (Mo.App.1977).

■ The Brewers occupied the tract "in a hostile" manner in that the Brewers possessed it as their own, and neither the knowledge of McCormacs or the intent of Brewers to dispute McCormacs' title was necessary. *Glenville v. Strahl*, 516 S.W.2d 781 (Mo.App.1974).

■ Defendant's evidence established only one indication that the Brewers possibly did not consider the tract their own. That is, through confusion over the exact amount of land the McCormacs and the Brewers owned, the Brewers failed to pay the property taxes on the Brewer tract. This alone is insufficient to defeat the Brewers' possession, nor does it establish the possession of McCormacs. *Tallent v. Barrett*, 598 S.W.2d 602 (Mo.App.1980). Further, defendant failed to conclusively establish that the McCormacs had paid the taxes on the tract.

■ For over fifty years plaintiff and her predecessor's in title had the exclusive use of the easement in question, as the exclusive means of transporting farm equipment, cattle, horses, and crops to and from the Brewer tract. This testimony was not objected to, nor did defendant offer any evidence to the contrary. Plaintiff thereby established a prescriptive easement as to the above described tract for this easement was the exclusive method of access to the Brewer tract. *See Kirn v. Oehlert*, 625 S.W.2d 921 (Mo.App.1981); *Auxier v. Holmes*, 605 S.W.2d 804 (Mo.App.1980). Defendants failed to object to the admission of evidence establishing the easement amounted to an amendment by consent under Rule 15(a) of the Federal Rules of Civil Procedure as this issue was actually litigated, *Arkla Exploration Co. v. Boren*, 411 F.2d 879 (8th Cir.1969). Plaintiff has therefore pled and proved a valid claim to the existence of the easement.

Plaintiff has satisfied the burden of proof on each of the above issues and has established the statutory predicate for the vesting of title in her by adverse possession. By operation of said statute, Alpha Brewer has acquired an indefeasible legal title to the Brewer tract since the McCormacs had been divested of said title prior to their 1973 transfer of such land to the United States.

■ Brewer was under no obligation to assert her title shortly after its perfection. *LaGrange Reorganized School District No. R–6 v. Smith*, 312 S.W.2d 135 (1958). An equitable order reflecting such is therefore proper.

## JUDGMENT

In accordance with the Memorandum, Findings of Fact and Conclusions of Law of this Court filed this date and incorporated herein,

IT IS HEREBY ORDERED that plaintiff shall have judgment on its complaint Count I against defendant; and

IT IS FURTHER ORDERED that plaintiff shall have possession and ownership in fee, pursuant to the Missouri Adverse Possession Statute, § 516.010 Mo.Rev.Stat. (1969) of the following described lands:

All that part of the Southeast Quarter of the Northeast Quarter of Section Thirty Six (36), Township Twenty Nine (29) North, Range Five (5) West, 5th Principal Meridian, Shannon County, Missouri, and described as follows: Beginning at the Northwest corner of said quarter; thence South 87 degrees 44 minutes 30 seconds East along the North line of said quarter quarter 467.33 feet to an old fence; thence South 0 degrees 49 minutes West, along said fence, 419.38 feet to a fence corner; thence, South 78 degrees 55 minutes West along an old fence 485.72 feet to the West line of said quarter quarter; thence North 1 degree 41 minutes 30 seconds East, along said west line, 531.35 feet to the point of the beginning, and containing 5.14 acres, more or less.

IT IS FURTHER ORDERED that plaintiff, Alpha Brewer, be and is seized of the following described easement.

Beginning at the center line of Missouri Highway 106 at St830 + 25 as shown by the Missouri State Highway records, said point of beginning being in the Southeast Quarter of the Northeast Quarter of Section Thirty Six (36), Township Twenty Nine (29) North, Range Five (5) West, in Shannon County, Missouri; thence approximately North 6 degrees West 86 feet, more or less, to where said center line intersects the South line of a 5.14 acre tract shown as Tract B on plaintiff's exhibit 1 and plaintiff's exhibit 2, the point of intersection of the center line of said 25 foot easement with the South line of the Tract B being at a point that is North 78 degrees 55 minutes East, 122 feet from the Missouri State Highway marker set at St827 + 34.5 BK = 828 + 960AH, and with the center line of said easement terminating at said point.

and;

IT IS FURTHER ORDERED that plaintiff's complaint, Count II, be and is DISMISSED without prejudice.