STATE of Missouri, Plaintiff-Respondent,

v.

Carl E. RULE, aka Gene Miller,
Defendant-Appellant.

No. KCD 28168.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Martin Anderson, David F. Williams, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant appeals from a sentence of forty years for first degree robbery by means of a dangerous and deadly weapon. The sentence was jury imposed. The defendant appeals from the judgment of conviction following an unavailing motion for new trial.

Defendant raises two points, a claim that evidence of other offenses was improperly admitted and that the trial court erred in not reducing the jury-imposed sentence.

The sufficiency of the evidence is not questioned, and a very short recital of the background is made possible because the detailed facts underlying the conviction are recited in *State v. Powell*, 542 S.W.2d 588 (Mo.App.1976).

The events briefly stated consisted of two robberies, one of an A & P store and the other of a pharmacy. This particular defendant is charged in the pharmacy holdup.

The facts as disclosed by the evidence in this case, as well as in the *Powell* case cited

above, show that the robberies were nearly simultaneous and that the parties utilized the same vehicle in making their escape from the scene.

Dealing first with defendant's contention that the admission of evidence of the A & P robbery in the charge filed against him in connection with the pharmacy robbery constituted an admission of evidence of another offense. As is apparent from the record, the evidence of the A & P robbery does not show another offense committed by this defendant but shows the joint nature of the two offenses because of the simultaneous acts of robbery and the joint escape. It would have been impossible for the State to extricate the evidence of one robbery from the other. This is particularly true in view of the fact that the identification and capture of the four persons engaged in the robbery resulted from the piecing together of bits of information furnished by victims of each of the robberies as is indicated in the statement of facts in *Powell* and by the record in this case. What was said in *Powell* is equally applicable here:

> "The whole of the conduct of these four men certainly tends to show that they had a common design or scheme to commit the simultaneous robberies, and then escape with the loot . . . ."

*Powell* relied on *State v. Parr*, 296 Mo. 406, 246 S.W. 903, 905 (1922):

> "Where, . . . two crimes are committed under such circumstances as to constitute one continuous transaction in the accomplishment of a common design, and the facts are so interrelated that the crimes are concurrent, proof of one cannot be made without a showing of the facts tending to establish the other."

That principle of permitting the State to show inextricably interwoven facts showing two offenses controls this case also.

The trial court did not err in failing to exclude evidence of the concurrently executed robbery of the A & P because that evidence was directly relevant and necessary as proof of the identity of the defendant and of the circumstances of the offense.

On the second issue raised by the defendant, that of the trial court's refusal to reduce the sentence under Rule 27.04, it would be sufficient to say that the motion for new trial failed to raise the issue of the reduction of sentence. It is clear that in a jury-imposed sentence situation, the defendant should raise the issue in his motion for a new trial. *State v. Watson*, 400 S.W.2d 129, 132 (Mo.1966). But, likewise, this court notes that a jury-imposed sentence of 58 years in *Powell* was reduced to 40 by a different circuit judge, and in all of the circumstances of this case, it cannot be said that the trial court abused its discretion in refusing to reduce the punishment. *State v. Mucie*, 448 S.W.2d 879 (Mo.1970), cert. denied, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970). This court will not interfere with a sentence imposed by a jury absent a showing that passion and prejudice of the jury in its sentencing function so clearly appears from the record that the trial court abused its discretion in declining to reduce punishment. *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300 (Banc 1956), cert. denied, 352 U.S. 936, 77 S.Ct. 237, 1 L.Ed.2d 167 (1956).

Judgment affirmed.

All concur.