**STATE of Missouri, Plaintiff-Respondent,**

v.

**David HERRON, Defendant-Appellant.**

**No. KCD 29169.**

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer Denied May 1, 1978.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a conviction by a jury and a court-imposed sentence on Count I for assault with intent to rob of sixty years and on Count II for stealing of five years. Both sentences were imposed by the court because of the charge and proof that the Second Offender Act, § 556.280 RSMo 1969, applied.

Defendant asserts error on the part of the trial court in denying two motions for a mistrial, one such motion being grounded on the trial judge's misdescription of the charge while reading MAI-Cr 1.02 to the jury and the second when a witness volunteered information as to the disarray of the victim's clothes which conceivably could have suggested a sexual assault, a separate crime not charged.

The judgment of conviction is affirmed.

The record demonstrates that the defendant pistol whipped the 86-year-old victim in her apartment and removed a television set from the victim's home. The proof of the guilt of the defendant is clear and convincing. In evidence was a blood-stained gun which the defendant attempted to discard on apprehension. The defendant identified the weapon as his property. The defendant's watch was found in the victim's home, likewise identified by the defendant as to ownership. An eyewitness observed the presence of the defendant at the scene removing a television set. The victim had a fractured nose, fractured eye socket, contusions of the head, and hemorrhages. Testimony showed the victim died of unrelated pneumonia six days after the incident; but, had she lived, she would have lost the sight of one eye. There was a pretrial agreement that the State would, in opening statement say only that she was deceased from pneumonia and it was unrelated to and not

attributable in any way to the assault. This was done, and the testimony of the doctor as to the autopsy findings was stipulated so that the jury did not know the autopsy had been performed.

During the reading of MAI-Cr 1.02, the trial court informed the jury the charge was "assault with intent to kill with malice aforethought." No objection was made until after the court had conducted a general voir dire of the jury. Defense counsel then called the court's attention to the inadvertence and requested a mistrial. The court denied the mistrial, but offered to correct the description of the charge. Defense counsel then attempted to pursue a tactic which would avoid a request or acceptance of any relief short of a mistrial. The colloquy between court and counsel is illuminating:

"THE COURT: That objection and request will be denied. The court will, if you want me to, I will reinform the jury, if you're asking for that relief. Having told you that, I will deny your request for mistrial. I will be glad, if you want me to tell them it is assault with intent to rob.

MR. DOAK: I'm afraid any corrective measures the Court takes short of mistrial is going to prejudice this panel even worse. Once again, I am not going to suggest a method for the Court's relief of anything short of what I have asked for. If the Court wishes to do that, that's fine. I just don't see any way—(interrupted)

MR. STRAUSS: I wish the Court would instruct them that it's assault with intent to rob, because I was going to say it in my opening statement.

THE COURT: I don't do it unless Mr. Doak wants it done.

MR. DOAK: No, I'm not saying—I think it's incumbent upon the Court to do this. I don't think this relief the Court has suggested is going to properly cure the possible prejudice. If the Court wishes to do so, if the Court wishes to take that possible measure, I can't be put in that position of choosing for the Court what course of action to take after this.

THE COURT: I am not asking you to choose for the Court; I have to make that determination. I am asking you whether you are making any further request for the Court to take any further action.

MR. DOAK: I request the Court take whatever action the Court deems fit."

The trial court did not instruct the jury any further with respect to the matter; and, immediately after the voir dire, the prosecutor made his opening statement and informed the jury that the State intended to prove that the defendant assaulted the victim with intent to rob. No evidence was introduced to support any charge of assault with intent to kill, and the instructions reflect that the defendant was being tried for the offense of assault with malice with intent to rob. The defendant argues that the trial court's inadvertent misdescription of the charge was an impermissible modification of MAI-Cr 1.02 and that the court failed to adequately correct the error so that the error was so prejudicial that a mistrial should have been granted.

■■■ The court's action was not a modification of MAI-Cr 1.02 but was a factual error in inserting the parenthetical material required under MAI-Cr 1.02 as to the nature of the charge. The cases involving a change in the instructional language are inapposite to the circumstances of this case. That it was a factual error by the trial court cannot be denied, but such a factual error, in order to justify a reversal, must be shown to have been prejudicial to the defendant. The single instance shown in this record of a misdescription of the charge does not, in and of itself, constitute prejudice to the defendant. The defendant attempts to couple that with the death of the victim to suggest that the jury was prejudiced by reference to "attempt to kill." But the record in the case demonstrates that the State scrupulously avoided any reference or evidence that the deceased died as a result of the assault upon her, and the jury must have known by the time the case was submitted that no intent to kill was involved in this case. If the defendant was

concerned that the jury would draw an improper inference from the inadvertence of the trial court, he should have accepted the trial court's offer to instruct the jury that an inadvertent error had occurred, and that would have unquestionably removed any possible prejudice from the situation. The granting of a mistrial is a drastic remedy to be exercised only in those circumstances in which no action short of a mistrial would remove the prejudice claimed. *State v. Charles,* 542 S.W.2d 606 (Mo.App. 1976); *State v. Sanders,* 539 S.W.2d 458 (Mo.App.1976). The tactic indulged by the defense in this case, of attempting to put the trial court in the position of possibly emphasizing a very minor matter by reiterating the issue sometime after it had been raised, should not give rise to a claim of error.

The issue of the refusal of an offer of a cautionary instruction in the case of allegedly prejudicial evidence has been squarely met in a federal case, *United States v. Splain,* 545 F.2d 1131 (8th Cir. 1976). In that case, a government witness referred to other checks in connection with a forgery charge, and defense counsel moved for a mistrial. The court offered to instruct the jury to disregard the comment.

> "Counsel for Splain rejected the instruction and Splain can not now complain that the evidence may have prejudiced the jury. A cautionary instruction here would have erased any possible prejudice. The trial judge can not be faulted for any trial mishaps that he offers to and could correct. Moreover, the evidence of guilt in this case was overwhelming; therefore, there is little likelihood that the jury was affected by the passing comment." *Splain, supra,* at 1133.

The rationale of the ruling in *Splain* seems pertinent to the instant case, both on the issue of the refusal of the proffered cautionary instruction or the equivocal position of counsel with respect to it and on the basis of the extreme unlikelihood in this case that the judge's misdescription could have constituted any prejudice to the defendant.

Defendant's second claim of error arises from the following question and answer:

> "Q. [By Prosecutor] Will you describe to us the condition of the person you saw lying there?
>
> A. She was an elderly white lady. She was clad in what appeared to be a nightgown, and housecoat, or something of that nature. Her panties were torn and down around one ankle on— [interrupted]"

Immediately upon the interruption, defendant's counsel approached the bench and asked for a mistrial which the court denied. He then asked the court to admonish the jury to disregard the last comment and to strike it from evidence, which the court promptly did. It is doubtful that the trial court was even required to take the corrective action which it did to remove from the jury's consideration the disarray of the victim's clothing. When a fact which indicates the commission of another crime is so inextricably woven into the pattern of facts necessary to prove the charge made and the excision of the fact is impossible, the defendant suffers the consequence of his own behavior and all of the evidence comes in. *State v. Rule,* 543 S.W.2d 325 (Mo.App. 1976); *State v. Morris,* 523 S.W.2d 329 (Mo. App.1975). Assuming without deciding that the case in this instance could have been presented without reference to the disarray of the victim's clothing, the fact still remains that the trial court, in an excess of caution, admonished the jury to disregard the remark and denied the motion for a mistrial. A quotation from *State v. Walker,* 531 S.W.2d 55, 57 (Mo.App.1975), is appropriate:

> "Situations of this sort frequently happen when a witness unexpectedly volunteers some inadmissible statement. When that occurs, the nature of the action called for rests largely within the discretion of the trial court. Granting a mistrial is a drastic remedy, and the trial judge has a duty to evaluate the whole situation to ascertain whether some other remedy short of that will cure the error.

The appellate court reviews that decision only to verify that there has been no abuse of discretion."

The partial sentence concerning the clothing could not have been prejudicial in view of the evidence of the brutal attack on the victim, the blood and disorder at the scene, all of which was shown by testimony and by photographs.

Under all the circumstances, this record does not demonstrate an abuse of discretion by the trial court in refusing to grant a mistrial for the single isolated instance of the reference to the victim's clothing.

Judgment of conviction affirmed.

All concur.