**Michael JOHNSON, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 30118.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Louis Wagner, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

An indictment returned by a Jackson County grand jury charging Michael Johnson (movant) with the crime of murder in the second degree (Section 559.020, RSMo 1969) resulted in a plea of guilty and imposition of a twenty-five year sentence. This appeal lies from a judgment and order of the Circuit Court of Jackson County, Missouri. following an evidentiary hearing denying movant's Rule 27.26 motion to vacate said sentence.

Movant raises and argues two points on appeal. Quoted verbatim, they are: (1) "The Court erred in finding that the defendant had effective and competent assistance of counsel."; and (2) "The Court erred in finding that defendant's plea of guilty was voluntary." Viewed individually, neither point complies with Rule 84.04(d) because each fails to specify "wherein and why" the various rulings mentioned "are claimed to be erroneous". After studying the arguments marshaled by movant in support of both points this court concludes that movant seeks to raise a single point on appeal, namely, that movant's plea of guilty was not made knowingly and voluntarily because of the inadequacy and ineffectiveness of counsel in certain respects hereinafter amplified. This conclusion is sound so long as one subscribes to the principle that effectiveness of counsel pales into insignificance once a guilty plea is entered, as here, except to the extent it bears on whether the guilty plea was voluntarily and knowingly made. *Hulett v. State*, 473 S.W.2d 410, 411 (Mo.1971); *Barylski v. State*, 473 S.W.2d 399, 402 (Mo.1971); *Coleman v. State*, 542 S.W.2d 53, 54 (Mo.App.1976); and *Hall v. State*, 496 S.W.2d 300, 303 (Mo.App.1973). This court, ex gratia, will address the instant appeal in the context just mentioned.

When movant entered his plea of guilty to the underlying homicide charge in question a second and wholly unrelated second degree murder charge involving the homicidal death of a local citizen of some promi-

nence, which had received considerable media coverage, was concurrently pending against movant in the Circuit Court of Jackson County, Missouri. On the morning of trial movant was advised by counsel that the state would "dismiss" this unrelated homicide case pending against him and recommend a twenty-five year sentence in the underlying homicide case in exchange for a plea of guilty. Counsel recommended that movant favorably consider the proposed disposition of both homicide cases and movant did so as evidenced by his guilty plea.

Movant argumentatively highlights three incidents as exemplars of counsel's lack of proper representation—counsel's failure to interview in person rather than by telephone a witness to the homicide which movant pled guilty to whose testimony would support movant's contention that he had acted in self-defense, counsel's failure to properly assess the weakness of the state's case in an unrelated homicide case which was simultaneously pending against movant at the time he entered his plea of guilty in the underlying homicide case, and summarily, as a consequence thereof counsel improvidently influenced movant into pleading guilty in the underlying homicide case in exchange for a sentence of twenty-five years and "dismissal" of the unrelated homicide case concurrently pending against him.

■ The first exemplar of ineffective assistance of counsel relied upon by movant, and its inhibitory effect upon movant's ability to act knowingly and voluntarily at the time he entered his plea of guilty, strains credulity. At the time movant entered his plea of guilty both he and his counsel were aware that movant's version of the altercation with the victim of the homicide which occurred at the Magic Disco during the early morning hours of December 19, 1976, raised a viable issue of self-defense and that movant's version would be confirmed by a female acquaintance who was present at the scene. Although defense counsel had not interviewed in person the female acquaintance who would confirm movant's theory of self-defense, he had discussed her testimony over the telephone several times with her, and had scheduled numerous appointments at his office with her all of which she failed to keep. Not to be lightly ignored is the fact that movant's counsel also had to reckon with the sobering reality that at the time movant entered his plea of guilty the state had two disinterested eyewitnesses whose testimony, as memorialized in their depositions taken by movant's counsel, would negate movant's claim of self-defense. Movant nevertheless sought to imply by his testimony at his Rule 27.26 motion evidentiary hearing that no valid basis existed for counsel to differentiate between the projected believability of the testimony of the state's two disinterested eyewitnesses vis-a-vis the testimony of movant's female acquaintance. After balancing all of the testimony adduced at the guilty plea proceeding the sentencing court could, and obviously did, conclude that a pragmatic basis existed for movant's counsel to entertain an honest conviction that the two disinterested eyewitnesses to the fatal altercation upon whom the state intended to rely possessed greater believability and jury impact than did movant or his female acquaintance and therefore the likelihood of a conviction outweighed the likelihood of an acquittal.

■ The second exemplar of ineffective assistance of counsel relied upon by movant, and its permeating effect upon counsel's freedom of action at the time he entered his plea of guilty, likewise strains credulity. In the face of testimony by movant's counsel at the guilty plea proceeding that his investigation disclosed that movant was positively identified by an eyewitness as the person who shot the victim in the unrelated homicide case in cold blood, movant at the Rule 27.26 evidentiary hearing introduced a letter from the prosecutor's office addressed to the victim's parents advising them that the case against movant involving their son was dismissed after movant pled guilty to the underlying homicide charge because the "evidence . . . was not strong" and "if tried with the evidence presently available, the trial would result in an acquittal". No explanation of this after-the-fact letter

was forthcoming from the prosecutor's office and it was reasonable for the trial court to have assumed that it was nothing more than a public relations effort on the part of the prosecutor's office to placate the victim's parents for having dismissed the homicide case involving the death of their son. Making such an assumption should in no way be construed as casting any criticism whatsoever on the prosecutor's office. Consideration of the families of victims is commendable and should neither be discouraged nor aspersively viewed. In view of the chronology of events, juxtaposition of the prosecutor's after-the-fact letter and the testimony of movant's counsel regarding the strength of the state's case justified the court hearing movant's Rule 27.26 motion in giving greater credence and weight to the testimony of movant's counsel than to the after-the-fact letter, and said court obviously did so.

■ The third and final exemplar of ineffective assistance of counsel, which supposedly deprived movant as a practical matter of any freedom of choice with respect to his plea of guilty, is predicated upon the contention that movant's counsel improvidently influenced movant into pleading guilty in the underlying homicide case by reason of counsel's failure to properly assess the strength of movant's defense in the underlying homicide case and the weakness of the state's case in the unrelated homicide charge concurrently pending against movant at the time he entered his guilty plea. It too strains credulity. The court conducting the evidentiary hearing held in connection with movant's Rule 27.26 motion was confronted with the task of resolving the voluntariness of movant's guilty plea in the face of conflicting evidence. Tangentially, in addition to the conflicts heretofore mentioned, movant testified that on the advice of counsel he lied when responding to questions entailed in the classic guilty plea litany, and counsel vehemently denied that he did so. Evidentiary conflicts would echo with interminability were it not for the abiding faith vested in the triers of fact to assess the credibility of opposing witnesses and the deference given to their judgment

in doing so on appeal. *Goodloe v. State*, 486 S.W.2d 430, 432 (Mo.1972); and *VanDyke v. State*, 522 S.W.2d 101, 103 (Mo.App.1975). Continued subscription to and application of these principles on appeal warrant affirmance of the resultant findings of fact and conclusions of law reached by the trial court that movant's guilty plea was knowingly and voluntarily made.

■ A far ranging overview of this particular Rule 27.26 proceeding, point by point and counterpoint by counterpoint, neither demonstrates nor suggests anything to cause this court to believe that the judgment rendered by the trial court was "clearly erroneous". As the ultimate appellate function in any Rule 27.26 proceeding is to determine whether the judgment of the trial court was or was not "clearly erroneous", Rule 27.26(j), and *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo.banc 1971), the judgment entered by the trial court in the instant case, having been found not to be "clearly erroneous", should be and is affirmed.

Judgment affirmed.

All concur.