Paul TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. 40357.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1979.

Thea A. Sherry, Asst. Public Defender, Twenty-First Judicial Circuit, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant has appealed the trial court's denial of his Rule 27.26 motion. His appeal alleges that the trial court erred in failing to make specific findings of fact and conclusions of law and that he was deprived of effective assistance of counsel. We affirm.

Movant was convicted of first degree robbery, and his appeal from the judgment of conviction was affirmed in *State v. Taylor*, 538 S.W.2d 761 (Mo.App.1976). With assistance of counsel, movant filed a Rule 27.26 motion for post conviction relief which was denied by the trial court after complete evidentiary hearing but without recitation of findings of fact or conclusions of law. Movant's appeal from the 27.26 denial together with the State's request for remand resulted in remand for findings of fact and conclusions of law on all issues presented under Rule 27.26(i). The trial court subsequently did make the requisite findings of fact and conclusions of law on all issues in support of the denial.

Movant raises three points on appeal. The first deals with the issue of the trial court's noncompliance with Rule 27.-26(i) in failing to make findings of fact and conclusions of law on all issues. In reviewing the record, we find that the trial court on remand has fully complied with Rule 27.26(i) and remedied the prior infirmity.

The second point suggests that movant was denied effective assistance of counsel by the failure of his attorney to fully investigate the case after the names of two potential witnesses had been supplied to him. Movant argues that the trial counsel's determination not to call the witnesses did not fall within the ambit of trial strategy and that, consequently, he was deprived of a fair trial. We disagree. Movant's trial counsel testified at the 27.26 hearing and related that he had fully discussed with movant the possible use of the two potential witnesses who were co-accused with him in the robbery and had strongly advised against their use. The trial counsel had investigated the witnesses' possible testimony and concluded that they would be adverse to movant's best interests and would implicate him in the robbery; that their testimony would be subject to impeachment by prior inconsistent statements made to police; and that their presence would be a detriment to the planned defense. The decision of the trial counsel in this instance not to utilize the testimony of the two co-accuseds was manifestly a matter of trial strategy and within the counsel's professional judgment. His action in this regard does not form a basis for Rule 27.26 relief. *Nickelson v. State*, 583 S.W.2d 746 (Mo.App. 1979); *Johnson v. State*, 581 S.W.2d 118 (Mo.App.1979); *Williams v. State*, 566 S.W.2d 241 (Mo.App.1978).

Movant's third point also relates to the matter of his counsel's assistance, alleging it to be ineffective because he was not advised of the trial date until the evening before trial. This point must also fail. The record shows that movant's counsel was appointed several weeks before trial. He had consulted with movant for substantial periods of time on three or four occasions. He

had prepared for trial and announced "ready" for trial the day before proceedings commenced. In fact, there is no assertion made by movant of any lack of preparedness for trial. In this instance, the fact that movant was not notified of the precise time of trial until the day before proceedings were to start did not prejudice him or hamper in the preparation or defense of the case. Movant has not met his burden of establishing ground for relief by a preponderance of the evidence. *Brewster v. State*, 577 S.W.2d 911 (Mo.App.1979); *Walker v. State*, 567 S.W.2d 398 (Mo.App.1978).

Movant's reliance on *Wolfs v. Britton*, 509 F.2d 304 (8th Cir. 1975), is unavailing, for in *Wolfs*, appointed counsel was refused a continuance after having been appointed only one and one half days before trial and could not properly prepare—a remarkably different circumstance from that here where trial counsel was fully prepared.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.