STATE of Missouri, Respondent,

v.

Edmund J. BRANSTUDER, Appellant.

No. 30651.

Missouri Court of Appeals,
Western District.

Oct. 1, 1979.

Motion for Rehearing and/or Transfer
Denied Oct. 29, 1979.

Application to Transfer Denied
Dec. 6, 1979.

Julian J. Ossman, Asst. Public Defender, 19th Judicial Circuit, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and WELBORN and SMITH, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of conviction and sentence to three years' imprisonment (under second offender act) entered on jury verdict finding Edmund J. Branstuder guilty of carrying a concealed weapon.

A search of the person of appellant, then confined in the Missouri State Penitentiary, on March 16, 1978, produced "a homemade dining room knife, sharpened down, with tape on the handle." The corrections officer who conducted the search testified that he found the knife concealed in a shoe appellant was wearing. The officer identified the knife, produced at the trial.

Appellant denied that the knife was in his shoe. He stated that it was under a

table and that he carried a knife for protection against homosexual advances by other prison inmates.

■ On this appeal, the first complaint of appellant is directed at the trial court's giving of the "hammer" instruction. MAI-CR 1.10. The jury retired to deliberate at 11:03 A.M. on the day of the trial. The jury separated for lunch at 11:58 and resumed deliberation at 1:15 P.M. At 2:58 P.M., the judge called the jury into open court and when the foreman replied affirmatively to the judge's inquiry as to whether an impasse had been reached in the jury's deliberation, the court read the "hammer" instruction in the form of MAI-CR 1.10. The jury retired for further deliberation. The judge recalled the jury at 4:00 P.M. and the foreman's request for a little more time was granted. Subsequently, at a time not shown by the transcript, the jury returned with a verdict of guilty.

Appellant attacks the giving of the "hammer" instruction on the grounds that it "improperly invades the jury function and is tantamount to a judicially mandated verdict which denied appellant his right to trial by an impartial jury." No good purpose would be served by review of the authorities from other jurisdictions cited by appellant on this proposition. MAI-CR 1.10, promulgated by the Supreme Court and in effect at the time of the trial in this case, recognized the propriety of such an instruction. See MAI-CR 2d 4.50. There is no need to cite cases which have approved such instruction. This court cannot nullify the Supreme Court's approval of the use of the instruction. The only Missouri authority cited by appellant on this issue, *State v. Sanders*, 552 S.W.2d 39 (Mo.App.1977), is distinguishable because in that case the trial court, prior to giving the instruction, had been informed that the jury stood nine to three for conviction. Here the court did not know how the jury stood. See *State v. Hawkins*, 581 S.W.2d 102, 104[2–4] (Mo.App. 1979). The time element here involved does not show that the "hammer" had a coercive effect. *Hawkins.*

■ Appellant next complains that his trial counsel failed to call as a witness a corrections officer to testify that appellant was under strain and fear of attack by other inmates and that prison authorities were unable to provide adequate protection to him. The transcript is silent on this issue except for trial counsel's testimony in support of the motion for new trial that after the state rested its case solely on the testimony of the officer who found the knife, counsel advised appellant that "if that is all the state was going to present, * * * we were in a better psychological position with the jury to simply rest at that time and not make a big deal out of the case. And the defendant agreed with me."

Neither the motion for new trial nor appellant's brief complain of any error on the part of the trial court on this issue. Argument in support of the point is couched in terms of inadequate assistance of counsel. Even if that point were properly raised, there is no showing that the strategic decision of counsel, approved by appellant at the time, approaches inadequate assistance of counsel by any recognized test. *Stevens v. State*, 560 S.W.2d 599, 600[2–5] (Mo.App. 1978).

■ Appellant contends that the court erred in admitting the knife into evidence because the identifying witness admitted that it was not in his possession after the date of the offense and he did not testify as to its condition when he first saw it. No objection was made to the admission of the knife into evidence. Therefore this question has not been preserved for appellate review. *State v. Summers*, 362 S.W.2d 537, 540[5, 6] (Mo.1962).

■ Appellant finally complains of deficiencies in the state's evidence at the preliminary hearing and of the magistrate's failure to find that probable cause existed to believe that appellant had committed a crime. No objection in this regard was raised until the motion for new trial. Objection at that stage to preliminary proceedings comes too late to preserve for appellate review matters involving such pro-

ceedings. *State v. Small*, 386 S.W.2d 379, 381[1-4] (Mo.1965).

Judgment affirmed.

All concur.