William **PAULSEN**, Respondent,

v.

**HAROLD TIPPETT OIL CO., INC.,** Appellant.

No. 40886.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1980.

E. Richard Webber, Keith Hicklin, Adams & Hicklin, Memphis, for appellant.

J. Andy Zenge, Zenge & Smith, Canton, for respondent.

CLEMENS, Senior Judge.

This quiet title suit is based on claimed adverse possession of a strip of land lying between plaintiff William Paulsen and defendant Harold Tippitt Oil Co., Inc. Each party had recently acquired the adjoining tracts. The trial court sitting without a jury found that for more than ten years plaintiff and his predecessors in title had adversely held the disputed strip and that their possession had been actual, open and continuous. Defendant has appealed from the ensuing judgment.

■ Defendant has made precise review difficult by failing to file any of the nine exhibits in evidence at trial, as required by Rule 81.15 and § 512.110 2., R.S.Mo.1969). The map and photographs were used throughout the trial to show various owners' past and present use and claimed boundaries. On appeal we consider such omitted exhibits as favorable to the trial court's findings and unfavorable to defendant-appellant. *Wykle v. Colombo*, 457 S.W.2d 695[4] (Mo.1970); *Ryan v. The Equitable Life Assur. Soc. of U.S.*, 560 S.W.2d 884[3] (Mo.App.1977).

Plaintiff claimed adverse possession of the disputed strip began with Mrs. Rovene Thirtyacre who owned the adjoining property from 1958 to 1965 and then sold it to Virgil and Theresa Henderson who in turn sold to plaintiff in 1974. We relate the evidence concerning these parties' claimed adverse possession.

Mrs. Thirtyacre testified the boundary between her land and the defendant's adjoining tract was marked by an old fence; that she and her husband had maintained the strip and the gravel road thereon, which was their only means of access from the county road to their home.

The Hendersons did not testify. However, Mrs. Thirtyacre testified the Hendersons had lived on the tract during their ownership from 1965 to 1974. And defendant's witness Orval English, defendant's predecessor in title to the adjoining tract, testified the Hendersons had then used the disputed strip for access to their land.

Plaintiff testified he had maintained the disputed strip up to the old fence line and used the gravel road thereon since buying from the Hendersons in 1974. A short time before this suit was filed Mr. English put a post in to block the driveway; plaintiff promptly took it out.

Defendant's only witness Orval English had owned and lived on defendant's tract from 1960 to 1973 when he sold it to defendant. Mr. English had made no use of or claim to the disputed strip and testified plaintiff and his predecessors had done so until the end of that time. Mr. English had built a fence along the disputed strip. Then, when a survey showed plaintiff and his predecessors had no legal title to the disputed strip Mr. English put a post in the road; that triggered this law suit.

■ On this appeal defendant makes two points. First, without asserting any reason therefor, defendant contends that to estab-

lish ten years of adverse ownership plaintiff cannot "tack" his possession onto the adverse possession of his predecessors. Defendant's cited case of *Crane v. Loy*, 436 S.W.2d 739[4, 5] (Mo.1968), holds to the contrary.

By the second point defendant contends, again without citing any reason therefor, that the evidence does not show plaintiff's and his predecessors' possession was adverse. *Barker v. Allen*, 273 S.W.2d 191[3] (Mo.1954) defines adverse possession. The first requirement is that possession be hostile; that requirement is met by evidence that claimants, as here, intentionally occupied the land as their own. *Glenville v. Strahl*, 516 S.W.2d 781[2] (Mo.App.1974). Further requirements as declared in *Barker* are that possession be actual, open and notorious, exclusive and continuous. All that was shown by the evidence.

We hold, contrary to defendant's two contentions, that plaintiff properly "tacked" his own possession to that of his two predecessors, and that for over ten years their possession was adverse to that of defendant's predecessors.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.