STATE of Missouri,
Plaintiff-Respondent,

v.

James Ace MACONE,
Defendant-Appellant.

No. 11224.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1980.

Motion for Rehearing and Transfer
Denied Feb. 8, 1980.

Application to Transfer Denied
March 11, 1980.

John D. Ashcroft, Atty. Gen., Donna Bowles, Asst. Atty. Gen., Jefferson, for plaintiff-respondent.

David Robards, Public Defender, Joplin, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant James Ace Macone was tried and convicted of first degree robbery [§ 560.120, RSMo 1969] and his punishment fixed at 18 years imprisonment.[1] He seeks review of five assignments of alleged trial error under the plain error rule. We affirm.

The record in this case demonstrates defendant's guilt was established by overwhelming evidence. Among other things, there was evidence from his brother-in-law that the two of them planned and committed the robbery and defendant told his half sister he had "pulled [this] armed robbery". The latter witness also identified a pistol used in the robbery as belonging to the defendant.

The jury's verdict was returned December 8, 1977 and the court granted defendant an additional 20 days to file a motion for new trial. Defendant's motion for new trial was not filed until January 10, 1978 and therefore untimely. Rule 27.20(a), V.A.M.R. Consequently, defendant's motion for new trial was a nullity and preserves nothing for appellate review. Rule 27.20(a); *State v. Eaton,* 568 S.W.2d 541 (Mo.App.1978). In addition, none of the matters assigned as error in this appeal were objected to at trial and were not mentioned as grounds of alleged error in the late motion for new trial. In order to preserve an allegation of error for appellate review a defendant must make a timely and proper objection at trial and carry forward his complaint in a timely motion for new trial. Because the defendant here did neither, he is precluded from our reviewing the alleged errors. *State v. Meiers,* 412 S.W.2d 478 (Mo.1967); *State v. Franklin,* 448 S.W.2d 583 (Mo.1970).

Counsel for defendant on appeal strongly urges that we review the assignments under the plain error rule, Rule 27.-20(c), V.A.M.R. Such a request has become commonplace in criminal cases reaching this court, particularly where different attorneys handle the trial and the appeal. The rule sought to be invoked makes it clear it should not be loosely applied, irrespective of the fact there has been a change of attorneys. First of all, the rule speaks of "plain errors affecting *substantial* rights." Secondly, the rule leaves it to the *discretion* of the appellate court when "the court deems that *manifest injustice* or *miscarriage of justice* has resulted . . ." from the failure to raise or preserve the error. (Emphasis added).

Defendant's complaints regarding the evidence of his telephone threats to the

---

1. Defendant was earlier convicted of assault with intent to kill with malice aforethought and sentenced to 30 years imprisonment. We affirmed that conviction in *State v. Macone,* 585 S.W.2d 64 (Mo.App.1979). The robbery victim in the instant case was the subject of the assault in the prior case. Defendant's brief and the transcript in this case show defendant also pleaded guilty to trying to extort money from the robbery and assault victim by threats and intimidation and received a two-year prison sentence, which the court ordered served concurrently with the 18-year robbery sentence.

victim of the robbery and his shooting into her home, as well as her neighbors, following the robbery, fall within the exceptions found in *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (Mo. banc 1954), that evidence of other crimes is admissible to prove the specific crime charged when it tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or identity of the accused. The identification and apprehension of the defendant for the robbery charge resulted from the piecing together of facts arising from the robbery, extortion threats, and shootings. The latter two crimes were so inextricably woven into the chain of events, that pointed to defendant as the armed robber, that it would have been next to impossible to extricate such facts from this case. All three events involved the defendant, his gun, a comparatively short period of time, and his continuation of the use of force and fear to obtain money from the same victim. *State v. Kilgore,* 447 S.W.2d 544 (Mo.1969); *State v. Rule,* 543 S.W.2d 325 (Mo.App.1976).

His telephone threats (taped by the victim) and firing of his pistol in the presence of his half sister were relevant on his identity as the armed robber and ownership of the weapon used in the robbery. The state's rebuttal evidence was proof he committed the robbery and refuted his testimony that he was babysitting at the time of the robbery. Such rebuttal evidence was proper and could be argued by the state. *State v. Green,* 511 S.W.2d 867 (Mo.1974).

The first degree robbery statute under which defendant was convicted can be violated either by placing the victim in fear of some immediate injury or by violence to the person. *State v. Hawkins,* 418 S.W.2d 921 (Mo. banc 1967). While it is true that the instant information charged defendant with taking property by force and violence to the person of Mary Belew and the verdict director permitted the jury to find him guilty if he took the property from Mary Belew by causing her to fear immediate injury to her person, the record demonstrates there was evidence of fear of immediate injury and violence. Defendant accosted Mrs. Belew after she had closed the Sonic Drive-In in Joplin after a Saturday's business. He was wearing a stocking-typed hat or cap pulled down over his face. He flourished a pistol and demanded the day's receipts. He took Mrs. Belew's purse from her shoulder and when she told him the money was in her car, he ran to the car where her daughter was waiting for her. He grabbed the money bag and attempted to pull a CB radio mike from the car. He fired his weapon and took the car keys from Mrs. Belew. Mrs. Belew stated she was "scared" and gave defendant the money because "he had a gun, waving it in my face."

A variance between the information and an instruction, to be fatal and justify reversal, must be material and prejudicial to the rights of the defendant. *State v. Crossman,* 464 S.W.2d 36 (Mo.1971); Rules 24.11 and 26.04, V.A.M.R. Here, there was evidence of both fear of immediate injury and violence. The variance between the charge and the instruction did not prejudice the defendant. *State v. Collins,* 519 S.W.2d 362 (Mo.App.1975).

The judgment is affirmed.

All concur.