David HERRON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31020.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1981.

Robert L. Roper, Columbia, for appellant.

John Ashcroft, Atty. Gen., and Darrell
Panethiere, Asst. Atty. Gen., Kansas City,
for respondent.

Before KENNEDY, P. J., SWOFFORD
and PRITCHARD, JJ.

KENNEDY, Presiding Judge.

Defendant appeals from a denial of relief
requested by a Rule 27.26 motion in the
Circuit Court of Boone County, Missouri.
The judgment denying relief is affirmed.

Defendant was convicted upon jury trial
of a March, 1976, assault with intent to rob
(§ 559.180, RSMo 1969, now repealed) and
stealing (§ 560.156, RSMo 1969, now re-
pealed). Defendant was convicted upon
jury trial which concluded on August 25,
1976, and was found to be a habitual crimi-

nal under § 556.280, RSMo 1969. He was sentenced by the court to sixty years' imprisonment on the assault charge and five years' imprisonment upon the stealing charge, to run consecutively.

Upon the trial court's overruling defendant's motion for a new trial, the case was appealed to this court and the conviction was affirmed. *State v. Herron*, 565 S.W.2d 743 (Mo.App.1978). The state's evidence in the case showed that defendant was caught at the residence of an 86-year-old woman, loading her television into his car. The woman was found inside the house, badly beaten and unconscious.

Plaintiff bases a claim for post-conviction relief upon the failure of one Raymond Bass to testify in the case. Under this heading, movant says that the prosecuting attorney suppressed evidence which would have aided him in that he failed to call Bass to testify, although Bass's name was endorsed upon the amended information as a witness; and that Bass's failure to testify was due, not only to the misconduct of the prosecuting attorney but also to the ineffective assistance of defendant's counsel.

■ In movant's testimony upon the Rule 27.26 hearing, he related what he would have expected the testimony of Raymond Bass to show had he been called to testify in the trial: "Well . . . several times, one of my wife's friends . . . happened to run into Raymond Bass on several occasions and a couple more people, and Raymond Bass did make the statement to these people that he's sorry that he sent me over, he's sorry that I was in this trouble, that he shouldn't have sent me over there." Movant said that he had told his attorney, Mr. Doak, about this statement which had been made by Bass, and had requested Doak to subpoena Bass. Doak had replied that Bass would deny having sent the defendant to the place where the crime was committed. Movant said, however, ". . . I

felt if he took the stand, if he was subpoenaed and took the stand, that he would break." Defendant's own testimony on the original trial was that Raymond Bass and Little Junior had flagged him down on the street around the corner from the victim's house and asked him to go to the victim's house and pick up the television set on the front porch.

Attorney Doak and his investigator, and at an earlier time Police Officer Carroll Highbarger, had interviewed Raymond Bass before the trial. Bass consistently denied any knowledge of the crime, and Doak believed if called as a witness he would contradict the defendant's testimony. Doak further said that he believed that if the jury observed Bass's "elderly" age and small physical size, it would be "devastating" to the defense strategy of trying to divert the blame for the assault from the defendant to Bass.

It will be seen without further elaboration that the failure of Bass to testify in the case gives the defendant nothing to stand on. There could not be said to be any suppression or concealment of favorable evidence by the prosecuting attorney, for defendant and his attorney were fully informed about the statements Bass was alleged to have made, and had actually interviewed Bass.[1] The failure of defense attorney Doak to subpoena and examine Bass was a deliberate choice and, from his explanation, was a strategic choice. *State v. Branstuder*, 589 S.W.2d 85 (Mo.App.1979); *Taylor v. State*, 586 S.W.2d 452 (Mo.App. 1979).

■ The movant's next point is that the trial court erred in denying an evidentiary hearing on his allegation that the "state used testimony of a police officer to offer evidence of an offense that the movant was not charged with". This refers to trial testimony of a police officer who was describing the condition of the victim when she

1. Movant complains that the trial court ruled that he was not entitled to an evidentiary hearing upon his allegation that the prosecuting attorney suppressed evidence helpful to movant in failing to call Bass to testify after endorsing him as a witness. Although so ruling, the evidence on the 27.26 hearing fully goes into the Bass testimony in connection with the ineffectiveness of counsel claim.

was found lying on the floor of her house: "She was an elderly white lady. She was clad in what appeared to be a nightgown, and housecoat, or something of that nature. Her panties were torn down around one ankle on—[interrupted]". Upon objection, the trial court admonished the jury to "disregard the last comment of the witness", but declined a mistrial. Defendant's complaint is that this evidence tended to show a rape or attempted rape, a different offense from that with which he was accused, and therefore inadmissible.

The same complaint was made on appeal and dealt with adversely to defendant. *State v. Herron,* 565 S.W.2d at 746. That forecloses the matter. *Fields v. State,* 572 S.W.2d 477, 480 (Mo. banc 1978); *Eaton v. State,* 586 S.W.2d 792, 794 (Mo.App.1979).

Appellant next complains of the trial court's refusal to allow the amendment of his Rule 27.26 motion to charge that the jury was "the unconstitutional product of the systematic exclusion of blacks from jury service, and the further refusal to hold a hearing thereon".

■ Leave to add this allegation by amendment was denied by the court for the stated reason that the jury was not challenged on that ground before or during the trial, nor was the point raised on the original appeal. It was waived by defendant and cannot be resurrected by Supreme Court Rule 27.26 motion. *Hemphill v. State,* 566 S.W.2d 200, 207 (Mo. banc 1978); *Ross v. State,* 601 S.W.2d 672, 675 (Mo.App. 1980).

Defendant further complains of ineffective assistance of counsel on two additional counts. He says his attorney failed to object to the admission into evidence of an alleged prior conviction of defendant in the State of Illinois, "without an authenticating witness from the State of Illinois".

Apparently the documents showing defendant's conviction and imprisonment under former § 556.280 were admitted into evidence in the hearing on the Rule 27.26 motion, but they have not been furnished to us. The exhibits are therefore deemed to support the finding of the trial court. *Wykle v. Colombo,* 457 S.W.2d 695, 700 (Mo. 1970); *Paulsen v. Harold Tippett Oil Co., Inc.,* 593 S.W.2d 615 (Mo.App.1980). In the original trial, the records of the Illinois court and the Illinois penitentiary showing respectively the conviction and the imprisonment of the defendant were described by the prosecuting attorney as "certified and exemplified" documents. These records were sufficient to bring defendant within the terms of the Second Offender Act, *State v. Blackwell,* 459 S.W.2d 268, 272 (Mo. banc 1970), especially when supported by the defendant's testimony in the original trial that he had been convicted of robbery in the State of Illinois in 1963 under his real name of Lorenzo Hines, all in agreement with the challenged records. *Hurse v. State,* 527 S.W.2d 34 (Mo.App.1975); *State v. Franklin,* 547 S.W.2d 849, 851 (Mo.App. 1977).

Then movant says that his trial counsel "failed to investigate the possibility of adducing medical evidence in the trial that Herron had trouble holding objects in his hands, which deprived (movant) of the defense that he could not have assaulted the victim or carried the television set in question out of the victim's house, for medical reasons."

Attorney Doak, although his testimony shows a rather clear and definite recollection of the details of the case, testified that he did not recall that the movant had ever mentioned to him any medical problem with his hand or had ever asked him to secure any medical records indicating that difficulty. Conflicts in the testimony between the movant and Attorney Doak were for the trial court to resolve, *Campbell v. State,* 515 S.W.2d 453, 456 (Mo.1974); *Burroughs v. State,* 590 S.W.2d 695 (Mo.App.1979), and the court found that Attorney Doak had made a "thorough and comprehensive" investigation.

For that matter, the symptoms described by the movant on the 27.26 hearing were not mentioned by him in his testimony in the trial of the case. He admitted lifting the television set from the front porch of

the house to the trunk of his car and was trying to get it situated in the trunk when he was apprehended.

The performance of defense counsel in this case was on such a level that the defendant has not even approached a showing of "action (or inaction) of counsel ... of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial...", which was the standard applicable on March 23, 1979, when this 27.26 hearing was held. *Thomas v. State*, 516 S.W.2d 761, 765 (Mo.App.1974). Measured by the more stringent standard of *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), counsel's performance would still have been abundantly adequate.

The judgment of the trial court is affirmed.

All concur.