**STATE of Missouri, Respondent,**

v.

**Arthur DADE, Appellant.**

**No. 41964.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Joseph W. Downey and John Futzel, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appellant was convicted of two counts of robbery in the first degree and two counts of armed criminal action. His punishment was assessed at twenty-two years imprisonment on each of the former counts and ten years imprisonment on each of the latter counts. The four sentences were to be served concurrently. We reverse in part and affirm in part.

■ The armed criminal action convictions constitute double jeopardy, and we must reverse as to them. *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981).

Appellant's other assertion is that the trial court erred in failing to sustain his objections to statements made by the prosecutor in closing argument. The evidence shows that three couples were leaving a restaurant when appellant and another man, with the aid of a shotgun, relieved two of the men of a wallet, some currency and travelers checks. The assailants were arrested about fifteen minutes after the commission of the deed. Police Officer Gardner made a pat down search of the defendant, and no shotgun shells were found on his person. A subsequent search of Mr. Dade at the police station by Officer Towers yielded five shotgun shells. He was ultimately identified as the man with the shotgun at the scene of the crime.

That part of the prosecutor's closing argument relevant to our discussion reads as follows:

MR. MOSS: Now we talk about Officer Trotter [sic] and we talk about Officer Gardner. Now, you've got to know something here about cross-examination and examination. You notice that for Officer Gardner, you know, I brought out that he patted down the man and he handcuffed him, right? What's the next logical question that you're going to cross-examine him? Well, Officer—

MR. PUTZEL: Objection, your Honor, it's the next logical question for the State as well as for the Defense.

THE COURT: I'll overrule the objection but let me tell you that you have two minutes remaining.

MR. MOSS: When he patted him down didn't you feel those lumpy objects in the coat pocket? Why not? Just come out and ask the officer that, do you want to know why? Because you know what answer he'd get.

MR. PUTZEL: Your Honor, I object. Mr. Moss does not know what answer we would get.

THE COURT: Objection overruled, the jury may draw the inferences that are proper from the evidence.

Appellant asserts that the foregoing argument intimated to the jury that the prosecutor, and appellant's attorney, had knowledge of facts not in evidence which tended to establish the guilt of defendant. Specifically, he claims this allowed the jury to conclude that Officer Gardner would have offered a satisfactory explanation for his initial failure to discover the shells. We do not agree with appellant's interpretation of this part of the proceeding.

 As a general rule, the trial court has broad discretion in determining the propriety of oral argument. As long as the prosecutor stays within the confines of the evidence, and reasonable inferences therefrom, the argument is legitimate. *State v. Heinz*, 607 S.W.2d 873, 878 (Mo.App.1980). Here the prosecutor was referring to reasonable inferences that could be drawn from facts in evidence. It had been brought out on Officer Gardner's direct examination that the officer had conducted a "frisk for weapons" and defense counsel elicited on cross-examination that this was a "pat down for weapons." It is a proper inference for the jury to draw that defense counsel did not question the officer further on the failure to discover the shells initially because the officer was looking only for weapons. Therefore, the argument was proper.

 If these comments were made in retaliation to appellant's closing argument they would be proper even if otherwise objectionable. *State v. Wood*, 596 S.W.2d 394, 403 (Mo.banc 1980). As the transcript provided us by appellant fails to include his closing argument, we are unable to determine if these comments were retaliatory in nature.

While the resolution of the issue was not necessary for the disposition of this case, we presume that the appellant's closing argument would be unfavorable to his assertion on appeal. This situation is analogous to an omission of exhibits on appeal which we would presume to be unfavorable to appellant. *Paulsen v. Harold Tippett Oil Co., Inc.*, 593 S.W.2d 615, 616 (Mo.App.1980).

The jury convictions on the two counts for armed criminal action are reversed and the sentences vacated and set aside. The judgment is in all other respects affirmed.

REINHARD and SNYDER, JJ., concur.