**STATE of Missouri, Plaintiff-Respondent,**

v.

**Mikel Lynn SWINFORD, Defendant-Appellant.**

**No. 13553.**

Missouri Court of Appeals, Southern District, Division Three.

Sept. 17, 1984.

John D. Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John W. Nichols, Kennett, for defendant-appellant.

GREENE, Judge.

Defendant Mikel Lynn Swinford was charged in the Circuit Court of Dunklin County with the class A felony of robbery in the first degree. § 569.020.[1] On August 8, 1983, a jury found Swinford guilty of the offense charged and he was sentenced by the trial judge, as a persistent offender, § 558.016, to a term of 18 years to run concurrently with unserved time on a criminal sentence in the state of Illinois.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

He appeals from the judgment and sentence. We affirm.

Swinford challenges the sufficiency of the state's evidence to sustain a conviction and contends the trial court erred in overruling his motion for judgment of acquittal at the close of the state's case and his motion for new trial.

Swinford's objection to the overruling of his motion for judgment of acquittal at the close of the state's case was waived once he introduced evidence in his own behalf. *State v. Green*, 476 S.W.2d 567, 569[2] (Mo.1972); *State v. Sherrill*, 657 S.W.2d 731, 737[12] (Mo.App.1983), and cases cited therein. His objection to the overruling of his motion for a new trial also fails because the motion was not filed within 15 days of the jury verdict, and defendant neither asked for or received additional time to file the motion. Rule 29.11(b). Swinford's motion was not filed until 25 days after the verdict. A motion for a new trial which is not timely filed is a nullity and preserves nothing for appellate review. *State v. Berry*, 609 S.W.2d 948, 951[2, 3] (Mo. banc 1980); *State v. Macone*, 593 S.W.2d 619, 620[2, 3] (Mo.App.1980).

We review the claim of insufficiency of evidence under the plain error rule. Rule 30.20. Our review, ex gratia, of the record indicates that there was evidence before the jury sufficient to prove, beyond a reasonable doubt, that on May 18, 1983, Mark Swinford, brother of this defendant, robbed John Boatright, a service station attendant, at knife point, and took money from his person through fear of force. This defendant, who was driving the getaway car, was an active participant in the robbery by being the wheel man.

We find no error, plain or otherwise, regarding the sufficiency of the evidence to sustain the conviction.

Judgment affirmed.

CROW, P.J., and HOGAN, TITUS and FLANIGAN, JJ., concur.