**Mikel Lynn SWINFORD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 14745.

Missouri Court of Appeals, Southern District, Division One.

March 20, 1987.

Andrew C. Bullard, Kennett, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

Mikel Lynn Swinford was jury-convicted of first degree robbery and, after a finding by the trial court that he was a persistent offender, due to prior robbery convictions, was sentenced to 18 years' imprisonment. The conviction was affirmed on appeal. *State v. Swinford,* 677 S.W.2d 417 (Mo. App.1984). The opinion recites that there was sufficient evidence before the jury to prove, beyond a reasonable doubt, that on May 18, 1983, Mark Swinford, brother of Mikel, robbed John Boatright, a service station attendant, at knife point, and took money from him through fear of force. Mikel, who was driving the getaway car, was an active participant in the robbery by being the "wheel man."

After confinement, Mikel Swinford filed a motion to vacate his conviction and sentence, pursuant to Rule 27.26.[1] After evidentiary hearing, the motion court made written findings of fact and conclusions of law, and entered judgment denying the motion to vacate. This appeal followed. We affirm.

The only point preserved in the present appeal is that Swinford's trial counsel was ineffective because she 1) failed to advise Swinford of the evidence against him, 2) failed to inform Swinford that he would be charged as a persistent offender, and 3) refused to allow Swinford to testify in his own behalf.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court on these issues are clearly erroneous. Rule 27.26(j). In order to prevail on his ineffective assistance of counsel claim, Swinford must prove that his trial attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was

---

1. Missouri Rules of Court, V.A.M.R.

prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979).

In its findings on this issue, the motion court found as follows:

> The Court finds the movant's attorney capably represented the movant prior to and during his trial. The Court finds that movant's attorney used customary skills of an able attorney. The movant's attorney testified to facts that are consistant [sic] with an able attorney's pre-trial and trial conduct. The movant himself testified at page[s] 7, 88, and 89 of the trial transcript that there was nothing that his attorney failed to do for him and that he was satisfied with her services. The record reflects that the movant was tried and convicted of being the "Wheel Man" in an armed robbery. He and his attorney realized that since he was not identified at the scene and that the case against him was somewhat circumstantial that he would have a fair chance of being acquitted. He and his attorney also realized that due to his prior record that he should not testify as that record would be used against him and weigh heavily against his credibility. He and his attorney took certain risks by going to trial and by the movant not testifing [sic] in his own behalf. The movant has not established that his attorney failed to perform some duty and that that failure somehow prejudiced his defense. The movant received a fair trial and was adequately represented at that trial. The movant has failed to convince this Court that he received ineffective assistance from his lawyer.

The only witness offered to prove Swinford's allegations was Swinford, himself. While he testified that his attorney had not informed him as to the strength and weakness of the state's case, and did not inform him that he would be charged as a persistent offender, such testimony was refuted by his trial counsel. The motion judge had no obligation to believe Swinford, and evidently did not. A review of the record in this case indicates that the findings, conclusions, and judgment of the motion court are not clearly erroneous.

The motion court's judgment denying Swinford's motion to vacate is affirmed.

CROW, C.J., and FLANIGAN, J., concur.